# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2109 | **DATE** | 7/7/2011 |
| **CASE TITLE** | Loidy Tang vs. Medical Recovery Specialists, LLC | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of this order, defendant Medical Recovery Specialists, LLC's ("Medical Recovery") "Motion to Dismiss Complaint" [15] is denied. Medical Recovery is to file its answer to plaintiff Loidy Tang's complaint by 7/21/11. The parties are to file a Federal Rule of Civil Procedure Form 52 by 7/28/11. A status hearing is set for 9:00 a.m. on 8/2/11 for entry of a scheduling order.

■[ For further details see text below.]   Notices mailed.

# STATEMENT

On March 28, 2011, plaintiff Loidy Tang ("Tang"), individually and on behalf of a class, filed a class action complaint (Dkt. No. 1 ("Compl.")) against defendant Medical Recovery Specialists, LLC ("Medical Recovery") asserting claims for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (Count I), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (Count II). Currently before the court is Medical Recovery's "Motion to Dismiss Complaint" (Dkt. No. 15 ("Medical Recovery's Mot")). Specifically, Medical Recovery argues that Tang lacks standing to pursue her claims under both § 227 of the TCPA and § 1692e(14) of the FDCPA and has failed to state a claim under § 1692d(6) of the FDCPA. For the reasons explained below, Medical Recovery's Motion is denied.

## BACKGROUND

The following are the facts of this case viewing the allegations in the complaint in the light most favorable to Tang. *See Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011).

Tang is a subscriber for a cellular telephone which is assigned the telephone number XXX-XXX-8483. (Compl. ¶¶ 8-9.) The cellular telephone service is in Tang's name, and Tang pays for the service. (*Id.* ¶ 9.) Medical Recovery uses a "Predictive Dialer" which is capable of dialing telephone numbers without human intervention and delivering an automated prerecorded message. (*Id.* ¶¶ 10-11.) At approximately 4:39 p.m. on March 25, 2011, Medical Recovery placed a telephone call to Tang's telephone number. (*Id.* ¶ 17.) Tang received the following message on her telephone:

> This is an important message for [ELLE--WILE-N-DEE-A-VASI]. If this is not [ELLE--WILE-N-DEE-A-VASI] please hang up or delete this message. If this is [ELLE--WILE-N-DEE-A-VASI] please remain on the line. There will now be a three second pause. By

**STATEMENT**

continuing to listen to this message you acknowledge that you are [ELLE--WILE-N-DEE-A-VASI]. This is MRS calling on behalf of our client concerning you [sic] outstanding balance in an attempt to collect a debt and any information obtained will be used for that purpose. To pay this outstanding balance by Visa, Master Card or Check please use our auto-payment system by following the prompt provided. Should you have any questions and or concerns please call us at, toll-free at [877-263-6752]. When calling please reference MRS file number [7905870]. Again the number to call is toll-free at [877-263-6752][.] Please reference MRS file number [7905870]. Good bye.

(*Id.* ¶ 20.) The message contained a different voice when announcing the name "ELLE--WILE-N-DEE-A-VASI" (phonetic), the toll-free number "877-263-6752," and the file number "7905870." (*Id.* ¶ 21.)

## LEGAL STANDARDS

I. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although the complaint need not contain "detailed factual allegations," "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. The complaint must "include sufficient facts 'to state a claim for relief that is plausible on its face.'" *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) (quoting *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009)). In ruling on a Rule 12(b)(6) motion, the court "construe[s] the . . . [c]omplaint in the light most favorable to Plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in [her] favor." *Id.*

II. Rule 12(b)(1) Motion to Dismiss for Lack of Standing

"Standing is an essential component of Article III's case or controversy requirement." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). Standing involves the question of "whether the litigant is entitled to have the court decide the merits of the dispute or particular issues." *Id.* (quoting *Perry v. Vill. of Arlington Heights*, 186 F.3d 826, 829 (7th Cir. 1999)). Because standing is a jurisdictional requirement, "the plaintiff bears the burden of establishing standing." *Id.* Where, as here, the defendant raises only a facial challenge to the plaintiff's standing, the court does not look beyond the allegations in the plaintiff's complaint and assumes that those allegations are true for purposes of ruling on the motion. *Id.* at 443-44.

## ANALYSIS

Medical Recovery has moved to dismiss both Tang's TCPA and FDCPA claims. The court will address each claim in turn.

---

[1] When raising a "facial challenge" to a plaintiff's standing, a defendant is arguing that, even assuming the allegations in the complaint are true, those allegations are "purportedly insufficient to establish injury-in-fact." *Apex*, 572 F.3d at 443-44. In a "factual challenge," on the other hand, "the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction." *Id.* (quoting *U. Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th

**STATEMENT**

Cir. 2003)).

I. Tang's TCPA Claim

Under § 227(b)(1) of the TCPA,

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–
    (A) to make any call (other than a call made for emergency purposes or *made with the prior express consent of the called party*) using any automatic telephone dialing system or an artificial or prerecorded voice– . . .
        (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . .

47 U.S.C. § 227(b)(1) (emphasis added).

Medical Recovery argues that Tang lacks standing to bring a claim under the TCPA because she was not the "intended recipient" of the telephone call at issue. According to Medical Recovery, under § 227(b)(1) only the "called party" has standing to bring claim, and the "called party" refers to the "intended recipient" of the call, i.e., "the person the defendant was trying to contact." (Dkt. No. 16 ("Medical Recovery's Mem.") at 6.) In this case, because Tang admits that the party Medical Recovery intended to call was "ELLE–WILE-N-DEE-A-VASI" as opposed to Tang, Medical Recovery argues that Tang lacks standing to bring a claim. The court disagrees.

Judge Kocoras of this district recently addressed this same issue in *Tang v. William W. Siegel & Associates*, No. 11 C 599, 2011 WL 2356390 (N.D. Ill. June 14, 2011). This court is persuaded by Judge Kocoras's reasoning in *Tang* and adopts it here. Specifically, in *Tang*, Judge Kocoras rejected the defendant's argument that only the "called party"–interpreted by the defendant in *Tang* as referring to the party the defendant "intended to call"–had standing to sue under § 227(b)(1). Judge Kocoras explained that "called party," as that term appears in § 227(b)(1) of the TCPA, does not define who has standing to sue, but rather refers to the statute's limited exception for calls made with the "prior consent of the called party." *See* 47 U.S.C. § 227(b)(1)(A). Accordingly, a plaintiff suing under § 227(b)(1) need not be a "called party." *Tang*, 2011 WL 2356390, at *2. Moreover, even assuming that being a "called party" was a requisite to establish standing, Judge Korcoras further found that the plaintiff was in fact the "called party" because the defendant "intended to call Plaintiff's cellular telephone number and Plaintiff is the regular user and carrier of the phone." *Id.*

Similarly in this case, Tang has alleged sufficient facts to establish her standing to sue under the TCPA. She alleges that Medical Recovery used a "predictive dialer" to leave a prerecorded message on her phone without her prior consent. (Compl. ¶¶ 10, 17-21, 28.) Whether Medical Recovery mistakenly believed that a different individual was the subscriber of the cellular telephone number assigned to Tang does not impact Tang's standing to sue. Consequently, Medical Recovery's Motion to Dismiss Tang's TCPA claim is denied.

II.    Tang's FDCPA Claims

Medical Recovery has also moved to dismiss Tang's §§ 1692d(6) and 1692e(14) FDCPA claims.

**STATEMENT**

First, under § 1692d(6), "the placement of telephone calls without meaningful disclosure of the caller's identify" constitutes a violation of the FDCPA. 15 U.S.C. § 1692d(6). Medical Recovery argues that Tang has failed to state a claim under § 1692d(6) of the FDCPA because "[a] call to a wrong number is not even close to rising to the level of harassment" and Tang has not "alleg[ed] any conduct on the part of the defendant intended to harass or oppress" her. (Medical Recovery's Mem. 10.) The court disagrees.

Tang alleges that Medical Recovery identified itself as "MRS" which is not Medical Recovery's registered business name (Compl. ¶¶ 44-45), and consequently "failed to make a meaningful identification of its business name" (*id.* ¶ 3). In enacting § 1692d(6), Congress determined that placing telephone calls "without meaningful disclosure of the caller's identity" constituted sufficiently harassing or oppressive conduct to violate the FDCPA. Based on the plain language of the statute, the court finds that Tang's allegations are sufficient to state a claim under § 1692d(6).

Second, regarding Tan's § 1692e(14) claim, that provision of the FDCPA provides:

A debt collector may not use any false, deceptive, or misleading misrepresentation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

15 U.S.C. § 1692e(14). Although Medical Recovery contends that Tang has "failed to state a claim" under § 1692e(14), it appears to be arguing that Tang lacks standing to pursue this claim because she is not the "debtor." (*See* Medical Recovery's Mem. 11 (discussing "standing under the FDCPA").) Again, the court disagrees. Section 1692k(a) of the FDCPA explains that "any person" who has been subject of one of the enumerated FDCPA violations can sue for damages under the statute: "Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title *with respect to any person is liable to such person* . . . ." 15 U.S.C. § 1692k(a) (emphasis added). Section 1692e(14) of the FDCPA similarly does not limit violations to calls made to a "debtor" but instead simply requires that the call be made "in connection with the collection of any debt."

Based on the allegations in the complaint, the court finds that Tang has standing to pursue a claim under § 1692e(14) of the FDCPA. Tang is a "person" who purportedly received a recorded statement from Medical Recovery related to a collection of an outstanding debt. (*See* Compl. ¶ 20.) Tang further alleges that Medical Recovery identified itself as "MRS" which is not Medical Recovery's registered business name (*id.* ¶¶ 44-45), and consequently "attempted to collect the debt using the name of another debt collector" (*id.* ¶ 3). The allegations are sufficient to establish Tang's standing to sue under § 1692e(14) of the FDCPA. Medical Recovery's Motion to Dismiss Tang's FDCPA claims accordingly is denied.

*James F. Holderman*