IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOIDY TANG, individually and on behalf of a class, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | |
| Medical Recovery Specialists, LLC d/b/a MRS d/b/a MRSI d/b/a Medical Recovery Specialists, Inc., | ) ) ) | No. 11-C-2109 |
| | ) | Judge Holderman |
| Defendant. | ) ) | Magistrate Judge Schenkier |

**RESPONSE TO MOTION FOR DEFAULT**

NOW COMES Defendant, Medical Recovery Specialists, LLC ("Defendant"), and in response to Plaintiff's Motion for Default states the following:

1. After this Court denied Defendant's Motion to Dismiss, Defendant was required to answer the complaint by July 21, 2011. Dkt. 25.

2. James C. Vlahakis of Hinshaw & Culbertson ("defense counsel") is the primary attorney assigned to the defense of this case. On July 18, 2011, defense counsel was assigned to assist in the defense of two consumer cases pending in Arizona District Court. *Stumpo v. Collecto, Inc.*, 11-cv-0214 and *Renfrow v. Collecto, Inc.*, 10-cv-674. Defense counsel was required investigate the case and draft answers to request to admit. Thereafter, he was required to answer requests to produce and complete written fact discovery on a short deadline in these two cases, one of which involves a class action. Additionally, defense counsel spent the week of July 18, 2011, preparing a response in opposition to class certification in a pending TCPA case in this district. Leading up to that, defense counsel was responding to another TCPA class action in a case which only recently settled. Finally, while not an exhaustive list of cases, defense counsel was also preparing for oral arguments in a motion to dismiss a case pending in the Southern District of New York on August 3, 2011. *Heathcote Holdings Corp., Inc. v. Maybelline LLC et al*, 11-cv-02349. Defense counsel has been required to work between 12 and 16 hours per day to

accomplish these professional obligations. Coming on the heals of all this work, defense counsel promised to take his 6 year old child on a trip to a local water park on the afternoon of July 29, 2011.

      3.      After reviewing Plaintiff's motion for default, defense counsel emailed Plaintiff's counsel at 11:15 p.m. and stated as follows:

> Curtis
>
> I saw you motion. You were on my to-do list today in terms of asking leave to file an answer on Monday. The reason I'm late is that I've been assigned two new cases that have discovery due dates today. We inherited them from another firm. I've been attending to other cases as well and did not intend to let this answer date pass.
>
> Could you agree to withdraw your motion if I promise to file my answer on Monday? Normally I would push everything aside and file my answer but I promised my son several weeks ago that we'd have a father-son playdate at a local water park. The last thing I want to do is go back on my word to my son and draft a response to your motion and prepare the answer today. I'm running late at it is in getting the discovery completed in the other two cases.
>
> Thanks,
>
> James
>
> ***See Exhibit A.***

      4.      Plaintiff's counsel did not respond to defense counsel until 2:45 pm. ***See Exhibit B.*** Surprisingly, during this same time period, Plaintiff's counsel and defense counsel exchanged numerous in an unrelated case. ***See Exhibit C.***[1] In almost all of the emails, defense counsel identified the urgency of getting a response from Plaintiff to his proposal. While Plaintiff's counsel was free to accept or reject any proposal, it is unclear why it took him several hours to respond. Because defense counsel had not heard from Plaintiff's counsel, he cancelled

---

[1] Ironically, Plaintiff's counsel claims he was too busy to respond, but even a cursory review of the attached email suggests that Plaintiff's counsel spent far more time drafting the Exhibit B and looking up webpages and events, than he would have incurred in emailing defense counsel that he would not agree to withdraw his motion. Apparently, working for a large firm means that no extensions or common courtesies should be granted.

his outing, and began work on a draft answer. Making a bad day worse, answer is incomplete as certain client contacts are unavailable until to comment.

5. Had Plaintiff's counsel taken the position that no agreement would be reached as to the withdrawal of the pending motion between any one of the half dozen unrelated emails, defense counsel would have promptly informed his son that he would be engaged for the remainder of the afternoon with work rather than pushing back his arrival time at home.

6. Defense counsel has been practicing before this Court since at least 1999 and respects deadlines but acknowledges that deadlines can be missed. Unfortunately, while defense has been unable to meet his answer deadline in this case, it is equally unfortunate that opposing counsel purposefully refused to respond to his reasonable proposal. While attorneys are respected for zealous advocacy, surely there is a time and place where most attorneys stop and wonder, "is it really worth it?" where they attempt to gain a competitive advantage in a case. Here, all defense asked for was the courtesy of a short extension on an answer, or alternatively, the courtesy of the rejection of said request – which would have enabled him to immediately inform his son that trip would have to wait for another day. Hopefully civility is not completely lost this generation of lawyers?

7. No harm or prejudice will come from denying Plaintiff's Motion for Default.

8. Accordingly, in the interests of justice, Defendant seeks leave of court to file its answer and affirmative defenses by August 5, 2011.

WHEREFORE, Defendant respectfully requests that this Honorable Court to issue deny Plaintiff's Motion for Default and grant Defendant until August 5, 2011, to file its answer and affirmative defenses.

By: s/James C. Vlahakis
James C. Vlahakis
Attorney for Defendant
HINSHAW & CULBERTSON LLP

130131152v1 0922512 75799

        222 North LaSalle, Suite 300
        Chicago, IL 60601-1081
        tel: 312-704-3000
        jvlahakis@hinshawlaw.com

4

130131152v1 0922512 75799

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 29 2011, I electronically filed the above document with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system.

          Counsel for Defendant,

          s/ James C. Vlahakis
          James C. Vlahakis
          ARDC No. 6230459
          Hinshaw & Culbertson LLP
          222 North LaSalle, Suite 300
          Chicago, IL 60601
          tel: 312-704-3000
          fax: 312-704-3001
          jvlahakis@hinshawlaw.com