**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LOIDY TANG, individually and on behalf of a class, | ) ) ) | 11 C 2109 |
| Plaintiff, | ) ) | Chief Judge Holderman |
| v. | ) ) | Magistrate Judge Schenkier |
| MEDICAL RECOVERY SPECIALISTS, LLC, d/b/a MRS, d/b/a MRSI and d/b/a MEDICAL RECOVERY SPECIALISTS, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S REPLY TO
DEFENDANT'S RESPONSE**

Defendant's counsel has not provided any just cause as to why two partners at a 500 attorney law firm, http://www.hinshawlaw.com/aboutus/, who have appeared in this matter, ignored the Court's July 7, 2011 Order requiring Defendant to answer on of before July 21, 2011.  Instead, Defendant's counsel attempts to impugn Plaintiff's counsel for taking exactly 2 ½ hours to respond to an email requesting Plaintiff's counsel to stipulate to changing Defendant's answer date without Court approval.

Defendant's counsel does not deny that he, his partner, or the firm's docket department was unaware of the Ordered July 21, 2011 answer due date.  Defendant's counsel does no state that he is unfamiliar on how to request an extension from the Court.  Defendant's counsel does not provide an explanation why he prioritized the other matters he is working on.  Defendant's counsel does not explain why he ignored this Court's July 21, 2011 answer date and instead choose to work on oral arguments that are not scheduled until August 3, 2011.  (Def. Resp. p. 1 ¶ 2).  Defendant's counsel does not provide any dates in which the discovery and answers he states

he is working on are due and does not state whether he is unable to request an extension in those matters.

Defendant also does not deny that this is the second Order of this Court that required Defendant to file a response by a certain date, but that Defendant choose to ignore. (Def. Ex. B, p. 1 ¶ 2) (*citing* Doc. 24).

Indeed, Defendant's response admits that until some *unstated time* its counsel is unable to communicate with it on July 29, 2011. (Def. Resp. p. 3 ¶ 4) ("certain client contacts are unavailable until [sic] to comment."). The inference of Defendant's admission in paragraph 4 of its response is that even after more than one week of when its answer was due, there was not sufficient communication between it and its counsel to even formulate a response to the Complaint. This demonstrates inexcusable neglect on the part of Defendant and justifies an entry of default. *See C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1206 (7th Cir. 1984) (*quoting Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1230 (7th Cir. 1983)) ("Default judgments aid in the performance of this duty by ensuring 'that litigants who are vigorously pursuing their cases are not hindered by those who are not.'"). In short, Defendant has not submitted any facts that amount to just cause to excuse its neglect of complying with this Court's July, 7, 2011 Order. *See c.f.* Rule 60(b)(1).

Not having any just cause for its failure to answer Plaintiff's Complaint, Defendant's response goes on the offensive and attacks Plaintiff's counsel for not responding to an 11:15 [a.m.] email, which was sent more than 5 hours after the motion for default was filed, until 2:45 p.m. asking for a stipulation to permit Defendant to file its answer on Monday, August 1, 2011. (Def. Resp. ¶ 3) (quoting Def. Ex. A). Plaintiff's counsel should not need to inform Defendant's counsel about his personal life, but due to the *ad hominem* attack here, a response is provided.

On Friday's this summer, Plaintiff's counsel has blocked out of his work schedule, 10:00 a.m. to 1:00 p.m., to attend a toddler-parent educational class with his daughter; one reason why Plaintiff's counsel allocated his work/family time and was up that morning "since 4:45 a.m. working on a brief that needs to get filed today." (Def. Ex. B, p. 1 ¶ 1).

Nor should Plaintiff's counsel need to justify the order of matters that he attends to upon his return to the office or the manner or how the content of how he should exactly respond to Defendant's counsel's emails.  Yet Defendant's response argues just that.  (Def. Resp. p. 2 ¶ 4).

The other matter cited in Defendant's response ironically had an Order entered by Judge Chang requiring the parties, to file their Joint Status Report on that day, June 29, 2011.  *Tang v. Pita Inn.*, 11 C 3833, Doc. 19 (N.D. Ill. July 25, 2011) (Chang, J.) ("Parties must still file the joint initial status report, but may do so on or before 07/29/11").  Given that there had been a series of disagreements with Defendant's same counsel here on the content o the *Pita Inn* joint status report, it was prudent that Plaintiff's counsel obtain a consensus prior to Defendant's same counsel leaving his office for the day so not to violate Judge Chang's Order.  Furthermore, Defendant's counsel provided the last draft of the Joint Status Report at 3:12 p.m., which was not finalized by Defendant's counsel until 3:22 p.m., at which time Defendant's counsel indicated that he was leaving the office for the day "in a few minutes." Exhibit A.

Finally, Defendant has not filed a proposed answer, but instead asks this Court to extend the deadline until August 5, 2011.  (Def. Resp. p. 3).  Defendant's request should be denied and the default should be entered as not just cause had been established to excuse Defendant of its neglect.

WHEREFORE, for the reasons stated in Plaintiff's opening brief and herein, Plaintiff requests this Court pursuant to Rule 55(a) to enter a default against Defendant.

Respectfully submitted,

s/ Curtis C. Warner
   Curtis C. Warner

Curtis C. Warner
WARNER LAW FIRM, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820  (TEL)
cwarner@warnerlawllc.com

4