IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOIDY TANG, individually and on behalf of a class, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 11-C-2109 ) |
| MEDICAL RECOVERY SPECIALISTS, LLC, d/b/a MRS, d/b/a MRSI and d/b/a MEDICAL RECOVERY SPECIALISTS, INC. | ) Judge Holderman ) ) Magistrate Judge Schenkier ) |
| Defendant. | ) ) ) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

NOW COMES Defendant, Medical Recovery Specialists, LLC ("Defendant"), by and through its attorneys, HINSHAW & CULBERTSON LLP, and for its Answer and Affirmative Defenses to Plaintiff's Class Action Complaint, states as follows:

**INTRODUCTION**

1. Plaintiff Loidy Tang ("Plaintiff"), bring this action on behalf of two classes defined herein against Defendant Medical Recovery Specialists, LLC d/b/a MRS, d/b/a MRSI and d/b/a Medical Recovery Specialists, Inc. ("Defendant").

**ANSWER:** Defendant admits that Plaintiff Loidy Tang ("Plaintiff"), brings this action on behalf of two classes defined below but denies that Plaintiff and the class are entitled to any relief.

2. The Defendant debt collection agency called Plaintiff's cell phone using a predictive dialer accompanied with a prerecorded message without any prior express consent thereby violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**ANSWER:** Defendant admits that it is a debt collection agency and that it called a cellular telephone, using telephony equipment that dialed a number which was loaded into its telephony system. The telephone call in question was made with express consent of the

guarantor of the debt in question who provided the subject telephone number on a form provided by the creditor. Defendant denies that its telephone system is a so-called "predictive dialer" as this term is undefined, and denies that it violated the TCPA. Defendant, however, admits that it may have left a pre-recorded message which was intended for the debtor at issue.

    3.    Defendant also failed to make a meaningful identification of its business name and attempted to collect the debt using the name of another debt collector "MRS" in violation for the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692d(6), e(14).

    **ANSWER:**    Denied.

## JURISDICTION AND VENUE

    4.    This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1692k(d) ("FDCPA"); and 47 U.S.C. § 227 ("TCPA") *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

    **ANSWER:**    Defendant admits that this Court has federal question jurisdiction for the subject Fair Debt Collection Practices Act claim pursuant to 28 U.S.C. § 1331, but denies the remaining allegations.

    5.    Venue and personal jurisdiction over Defendant in this District is proper because:

        a.    Plaintiffs reside in the District;

        b.    Defendant transacts business in the District via the telephone lines;

        c.    Defendant's collection activities complained of occurred within the District; and

        d.    Defendant has an office located at 2250 E. Devon Ave., Des Plaines, Illinois 60018.

    **ANSWER:**    Defendant denies that venue and personal jurisdiction over Defendant in this District is proper in relation to Plaintiff's TCPA claims. Defendant, however, admits that venue is proper for Plaintiff's FDCPA claims.

## PARTIES

    6.    Plaintiff is an individual who resides in the Northern District of Illinois.

2

**ANSWER:** Defendant admits that Plaintiff purports to be an individual who resides in the Northern District of Illinois.

7. Medical Recovery Specialists, LLC, principal place of business is 2250 E. Devon Ave., Des Plaines, Illinois 60018. Service of Process can be made on Defendant's registered agent, Illinois Corporation Service C, 801 Adlai Stevenson Dr., Springfield, IL 62703.

**ANSWER:** Admitted.

## FACTS

8. Plaintiff has a cellular telephone assigned the telephone number XXX-XXX-8483. The first seven digits of Plaintiffs cellular telephone number are redacted herein due to privacy considerations.

**ANSWER:** Defendant lacks sufficient information or knowledge sufficient for it to form a belief as to whether Plaintiff has a cellular telephone assigned the telephone number XXX-XXX-8483. Defendant admits the second sentence of this paragraph.

9. Plaintiff is the subscriber of the cell phone service as the service is in Plaintiffs name and Plaintiff pays for the cellular service.

**ANSWER:** Defendant lacks sufficient information or knowledge sufficient for it to form a belief as to these allegations.

10. Defendant uses a "Predictive Dialer" as that term has been defined by the Federal Communication Commission ("FCC").

**ANSWER:** Plaintiff has not identified any so-called definition that has been defined by the FCC. Accordingly, Defendant denies this allegation and denies that Plaintiff has accurately identified its telephony system.

11. Defendant's Predictive Dialer is capable of dialing telephone numbers without human intervention, and delivering an automated prerecorded message.

**ANSWER:** Defendant denies that Plaintiff has accurately identified its telephony system. Defendant, however, admits that its telephony system, after being loaded with numbers and being programmed by a human, is capable of delivering an automated prerecorded message.

Defendant denies that its telephony system is capable of dialing telephone numbers without human intervention. Predictive Dialer Predictive Dialer

12. On information and belief the Predictive Dialer is programmed to dial in sequence telephone numbers telephone numbers that have been imputed into a data base; in short the Predictive Dialer dials one number and then moves on to the next number in the database, not calling the same number over and over.

**ANSWER:** Defendant denies that it utilizes a so-called "predictive dialer." Defendant, however, admits that its telephony system is programmed to dial in sequence telephone numbers telephone numbers that have been imputed into a data base and that the system dials one number and then moves on to the another programmed number in the database, not calling the same number over and over. Defendant denies the remaining allegations.

13. Plaintiff makes and receives telephone calls on Plaintiffs cellular telephone number XXX-XXX-8483 and the cellular telephone is generally carried by Plaintiff.

**ANSWER:** Defendant lacks sufficient information or knowledge sufficient for it to form a belief as to allegations.

14. On information and belief, Defendant obtained the telephone number XXX-XXX-8483 by skip tracing.

**ANSWER:** Denied.

15. After obtaining the telephone number XXX-XXX-8483 Defendant intended to call it.

**ANSWER:** Admitted.

16. Defendant intended to reach a person whose telephone number corresponded with XXX-XXX-8483.

**ANSWER:** Defendant admits that it intended to reach the person whose telephone number corresponded with XXX-XXX-8483 and identified that number on a form provided to the underlying creditor.

17. On March 25, 2011 at approximately 4:39 p.m. Defendant placed a phone call to the XXX-XXX-8483 telephone number.

4

**ANSWER:** Admitted.

18. The caller-id that corresponded to the March 23, 2011 at approximately 4:39 p.m. phone call is 1-877-263-6752.

**ANSWER:** Defendant lacks sufficient information or knowledge sufficient for it to form a belief as to these allegations.

19. 1-877-263-6752 is a number used by Defendant.

**ANSWER:** Admitted.

20. The message Plaintiff received on Plaintiff's cellular telephone from defendant stated:

This is an important message for [ELLE--WILE-N-DEE -A-VASI]. If this is not [ELLE--WILE-N-DEE -A-VASI] please hang up or delete this message. If this is [ELLE--WILE-N-DEE -A-VASI] please remain on the line. There will now be a three second pause. By continuing to listen to this message you acknowledge that your are [ELLE--WILE-N-DEE -A-VASI] . This is MRS calling on behalf of our client concerning you outstanding balance in an attempt to collect a debt and any information obtained will be used for that purpose. To pay this outstanding balance by Visa, Master Card or Check please use our auto- payment system by following the prompt provided. Should you have any questions and or concerns please call us at, toll-free at [877-263-6752]. When calling please reference MRS file number [7905870]. Again the number to call is toll-free at [877-263-6752] Please reference MRS file number [7905870]. Good bye.

**ANSWER:** Defendant lacks sufficient information or knowledge sufficient for it to form a belief as to whether Plaintiff received the above message. Further answering, Defendant denies that is an accurate transcript.

21. The message contained a different voice when announcing the name "ELLE--WILE-N-DEE -A-VASI" (phonetic) the toll free number "877-263-6752" and the file number "7905870" which is text is text-to-speech customization that inserts, the person's name of whom Defendant was looking for into the form prerecorded message a reference number Defendant has assigned to that person's account and a telephone number Defendant could be called at.

**ANSWER:** Defendant lacks sufficient information or knowledge sufficient for it to form a belief as to whether Plaintiff received the above message but admits that the messages that it utilizes a different voice and certain technology to insert the person's name of whom

5

Defendant was looking for into the form prerecorded message a reference number Defendant has assigned to that person's account and a telephone number Defendant could be called at.

22. On information and belief, given that the nature of a Predictive Dialer is to reach a large volume of persons quickly, Defendant has called thousands of other cellular phone numbers using an automatic telephone dialing system, and a prerecorded voice.

**ANSWER:** Defendant denies that it utilizes a "Predictive Dialer" as this term is utilized by Plaintiff but admits that its telephony system has called thousands of cellular phone numbers and that its system has used a prerecorded voice to call numbers that were provided to creditors by debtors or guarantors of debts owed by others.

23. Defendant could have determined that the telephone number ending in 3757 that it dialed was a cellular telephone number. *See e.g., In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 Request of ACA International for Clarification and Declaratory Ruling*, GC Docket No. 02-278, p. 9 n. 54 (Jan 4, 2008) ("See 2003 TCPA Order, 18 FCC Rcd at 14117, para. 170. *See also* DMA Wireless Number Suppression List at http://preference.thedma.org/products/ wireless.shtml. Neustar also has available a service that provides data on numbers ported from wireline to wireless service on a daily basis. See http://www.tcpacompliance.com/.").

**ANSWER:** Defendant lacks sufficient information or knowledge sufficient for it to form a belief as to the above allegations, especially at the time the call was placed, but denies that it was required to scrub a contact number that was provided to its creditor client.

24. The Association of Credit and Collection Professionals ("ACA International") has stated that, "[I]t is clear [the FDCPA and TCPA] apply to consumers and non-consumers. Therefore, collectors should take steps to scan their collection lists and ensure debt collectors are contacting the correct consumer."

**ANSWER:** Admitted.

25. ACA International has also concluded that, "[E]rroneously dialed numbers likely are not exempted from the [TCPA and FCC regulations] pertaining to autodialers and prerecorded messages. Thus, a debt collector may face liability under the TCPA and corresponding FCC regulations for autodialed and prerecorded message calls placed to the wrong individual.").

**ANSWER:** Admitted.

## COUNT I - TCPA VIOLATION

26. Plaintiff incorporates paragraphs 1-25 above.

**ANSWER:** Defendant incorporates its answers and objections to paragraphs 1-25.

27. The Telephone Consumer Protection Act, 47 U.S.C. § 227 provides in pertinent part:

> (b) Restrictions on use of automated telephone equipment.
> (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice
> * * *
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; ...

**ANSWER:** Admitted.

28. Defendant's phone call to Plaintiff and the Class' cellular telephones using automatic telephone dialing systems and/or an artificial or prerecorded voice, without express prior consent of the called party violated the TCPA.

**ANSWER:** This is a legal conclusion. Accordingly, it is denied in its entirety.

29. 47 U.S.C. § 227(b) (3) provides:

> (3) Private right of action
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State —
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> (C) both such actions.
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

**ANSWER:** Denied.

7

30. Under the TCPA, Plaintiff is the "called party".

**ANSWER:** This is a legal conclusion. Accordingly, it is denied.

31. Under the TCPA, Plaintiff is "[a] person" seeking the private right of action available under 47 U.S.C. § 227(b) (3) and its subsections.

**ANSWER:** This is a legal conclusion. Accordingly, it is denied.

32. Plaintiff a non-consumer has standing to pursue a TCPA claim. *Stuart v. AR Resources, Inc.*, 10-3520, 2011 WL 904167 (E.D. Pa. March 16, 2011).

**ANSWER:** This is a legal conclusion. Accordingly, it is denied.

## TCPA CLASS ALLEGATION

33. Plaintiff brings this class action seeking damages on behalf of a class pursuant to FED. R. Civ. P. 23(a) and 23(b)(3).

**ANSWER:** Defendant admits that "Plaintiff brings this class action seeking damages on behalf of a class pursuant to FED. R. Civ. P. 23(a) and 23(b)(3)" but denies that this Court has jurisdiction over this claim and denies that Plaintiff has satisfied FED. R. Civ. P. 23(a) and 23(b)(3).

34. Plaintiff also brings this class action seeking declaratory and injunctive relief to prohibit Defendant from placing future telephone calls with an automatic telephone dialing service and/or an artificial or prerecorded voice to persons who did not provide prior express consent for their cellular telephone number to be called by Defendant.

**ANSWER:** Defendant admits that "Plaintiff also brings this class action seeking declaratory and injunctive relief to prohibit Defendant from placing future telephone calls with an automatic telephone dialing service and/or an artificial or prerecorded voice to persons who did not provide prior express consent for their cellular telephone number to be called by Defendant" but denies that this Court has jurisdiction over this claim and denies that the TCPA affords Plaintiff the relief that she seeks.

35. The class consists of: (a) all natural persons with a cellular telephone number (b) with service provided by either T-Mobile, Sprint, Verizon Wireless, AT&T, or U.S. Cellular (c) that was called by Defendant on March 25, 2011 (d) using an artificial or prerecorded voice (e)

8

where defendant's records show that the call was received (f) where no prior express consent existed for Defendant to call that cellular telephone number.

**ANSWER:** Defendant denies that the class is properly certifiable and denies these allegations.

36. There are questions of law and fact common to the members of the class, which common questions predominate over any questions relating to individual class members.

**ANSWER:** Denied.

37. The predominant question is whether calling persons' cellular telephones with an artificial or prerecorded voice without prior express consent violated the TCPA.

**ANSWER:** Denied.

38. The class is so numerous that joinder of all the members is impractical.

**ANSWER:** Denied.

39. On information and belief there are 40 persons who are identified by the class definition above.

**ANSWER:** Denied.

40. Plaintiff will fairly and adequately represent the members of the class.

**ANSWER:** Denied.

41. Plaintiff has retained experienced counsel in TCPA matters and class action litigation.

**ANSWER:** Denied.

42. A class action is superior for the fair and efficient adjudication of this matter in that:

    a. Defendant's course of conduct affects a large group of individuals;

    b. Multiple individual actions are not judicially economical; and

    c. The Class members are unaware that their rights have been violated.

**ANSWER:** Denied.

9

WHEREFORE, for the reasons set forth above, Defendant denies that Plaintiff and the purported class are entitled to any relief, and respectfully requests that this Honorable deny any and all relief that the Plaintiff seeks on her behalf and on behalf of any purported class.

### COUNT II - FDCPA VIOLATIONS

43. Plaintiff incorporates paragraphs 1-25 above.

**ANSWER:** Defendant incorporates its answers and objections to paragraphs 1-25.

44. Defendant's message above only identifies itself as "MRS".

**ANSWER:** Defendant incorporates its prior answers and denies this allegation.

45. "MRS" is not Defendant's registered business name.

**ANSWER:** Admitted.

46. "MRS" is the first name of another debt collector "MRS" Associates, Inc., k/n/a "MRS" BPO, LLC.

**ANSWER:** Defendant admits that another debt collector utilizes the name "MRS."

47. 15 U.S.C. § 1692e(14) provides that it "is a violation of this section * * * The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization."

**ANSWER:** Admitted.

48. 15 U.S.C. § 1692d(6) provides that, "the following conduct is a violation of this section * * * Except as provided in section 1692 of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."

**ANSWER:** Admitted.

49. Defendant's voice message violated 15 U.S.C. § 1692e(14).

**ANSWER:** Denied.

50. Defendant's prerecorded voice message violated 15 U.S.C. § 1692d(6).

**ANSWER:** Denied.

## FDCPA CLASS ALLEGATIONS

51. Plaintiff brings this class action seeking damages on behalf of a class pursuant to FED. R. Civ. P. 23(a) and 23(b)(3).

**ANSWER:** Admitted.

52. The class consists of: (a) all natural persons with a telephone number corresponding to the 773 area code (b) that was called by Defendant from March 25, 2010, to March 25, 2011 (c) where Defendant left a prerecorded message in the form of the message above.

**ANSWER:** Denied.

53. There are questions of law and fact common to the members of the class, which common questions predominate over any questions relating to individual class members.

**ANSWER:** Denied.

54. The predominant question is whether Defendant's prerecorded form message above violated FDCPA §§ 1692d(6), e(14).

**ANSWER:** Denied.

55. The class is so numerous that joinder of all the members is impractical.

**ANSWER:** Denied.

56. On information and belief there are 40 persons who are identified by the class definition above.

**ANSWER:** Denied.

57. Plaintiff will fairly and adequately represent the members of the class.

**ANSWER:** Denied.

58. Plaintiff has retained experienced counsel in FDCPA matters and class action litigation.

**ANSWER:** Denied.

59. A class action is superior for the fair and efficient adjudication of this matter in that:

    a. Defendant's course of conduct affects a large group of individuals;

    b. Multiple individual actions are not judicially economical; and

    c.  The Class members are unaware that their rights have been violated.

**ANSWER:**  Denied.

WHEREFORE, for the reasons set forth above, Defendant denies that Plaintiff and the purported class are entitled to any relief, and respectfully requests that this Honorable deny any and all relief that the Plaintiff seeks on her behalf and on behalf of any purported class.

**Defendant demands a jury trial.**

                     Respectfully submitted,

                     By: s/James C. Vlahakis
                       James C. Vlahakis
                       Attorney for Defendant
                       HINSHAW & CULBERTSON LLP
                       222 North LaSalle, Suite 300
                       Chicago, IL 60601-1081
                       tel: 312-704-3000
                       jvlahakis@hinshawlaw.com

## AFFIRMATIVE DEFENSES

**I.     Due Process Clause of the Fifth Amendment to the United States Constitution**

1.     The TCPA allows a person to recover actual damages resulting from a violation of the statute or to receive $500.00 per violation, whichever is greater. The TCPA also provides for the trebling of damages if the violation was willful. 47 U.S.C. §227.

2.     If for the sake of argument, a TCPA class was certified and the class contained several thousand people, Defendant's liability to the classes potentially could be so great as to result in its insolvency.

3.     The liability that Defendant stands to possibly incur pursuant to the damages claimed by Plaintiff on behalf of the putative classes that it desires to represent is grossly disproportionate to the actual harm suffered by any individual putative class member, if any, such that the due process clause of the Fifth Amendment to the United States Constitution is violated.

4.     The due process clause of the Fifth Amendment to the United States Constitution prohibits an award of damages that would result in Defendant's insolvency, especially where, as here, the conduct that allegedly violated the TCPA did not cause actual injury or damages to the Plaintiffs or putative class members. *See Murray v. GMAC,* 434 F.3d 948 (7th Cir. 2006) *citing, State Farm Mut. Auto Ins. Co. v. Campbell,* 538 U.S. 408 (2003).

**II.     Lack of Subject Matter Jurisdiction**

1.     This Court lacks subject matter jurisdiction of this action under the TCPA.

2.     The TCPA provides that a person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State, an action for an injunction and/or damages. 47 U.S.C. § 227(b)(3). The TCPA does not provide for federal jurisdiction.

3. Several Courts of Appeals have ruled that a TCPA action may be brought only in state court, while some hold that a federal court can hear TCPA cases based upon diversity of citizenship. *Brill v. Countrywide Home Loans, Inc*., 427 F.3d 446 (7th Cir. 2005) states that a TCPA claim may be brought in a federal district court.

4. The United States Supreme Court has not yet ruled on this issue of subject matter jurisdiction of actions under the TCPA.

5. Congress, in the TCPA, has legislated that actions under the TCPA shall be brought in state court if otherwise permitted by the laws or rules of court of a State. The TCPA provides that alleged claims such as those alleged by Plaintiffs or those of putative class members should be brought in state court if otherwise permitted by the laws or rules of court of a State.

6. The Federal Communications Commission ("FCC") has indicated that a TCPA claim should be brought in state court. *In re: Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014 (FCC 2003) 18 FCC Rcd. 14041, 2003 WL 21517853, at *70. *Brill* is contrary to the FCC's position in the above FCC Order and 47 U.S.C. §402, the Hobbs Act.

### III. Lack of Subject Matter (preserved for appeal)

1. Plaintiff does not have standing to bring this action.

2. Plaintiff was an unintended recipient of the alleged call on a cellular phone.

3. Plaintiff is not within the zone of interests sought to be protected by the TCPA provisions whose alleged violations forms the legal basis of the Complaint.

4. Therefore this Court does not have subject matter jurisdiction of this action.

**IV.   Arbitration**

1.   To the extent members of the putative classes are subject to arbitration clauses, their alleged claims should be arbitrated.

**V.   Class Waiver**

1.   To the extent members of the putative classes are subject to class waivers, they cannot be members of the putative classes or class representatives and cannot bring this action or this type of action, *i.e.* a TCPA action.

**VI.   Statute of Limitations**

1.   The Plaintiffs' and any putative class members' alleged claims are barred by the two-year statute of limitation in 735 ILCS 5/13-202.

**VII.   Consent**

1.   If any of the members of the putative class gave prior express consent to the original creditor or to Defendant, those members have no TCPA claim.

2.   This affirmative defense is asserted in the alternative to Defendant's argument and position that lack of consent is an element of a TCPA claim as to which Plaintiff has the burden of proof.

**VIII.   Bona Fide Error Defense**

1.   Plaintiff's FDCPA alleged claim in Count II is barred by the bona fide error defense set forth in 15 U.S.C. § 1692k.

2.   Any violation of the FDCPA was unintentional.

3.   Any violation of the FDCPA resulted from a bona fide error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid any such error or error(s)."

4. As to the purported class, Defendant states that a debtor's prior receipt of debt collection letters from Defendant of would have revealed a meaningful disclosure of Defendant's identity which it left messages with class members. Further, the messages states stating that the call is from a debt collector, that the call is an attempt to collect a debt and that any information obtained will be used for collection purposes, and other information, and conformed with the FDCPA.

### IX. Setoff

1. To the extent any alleged claims by members of the putative class are subject to the doctrine of setoff or recoupment, the amounts owed on the underlying debt should be setoff against their alleged damages.

WHEREFORE, Defendant prays that this Court enter judgment in its favor and against Plaintiff, dismiss the Amended Complaint-Class Action and this action with prejudice, dismiss the alleged class action claims without prejudice, award Defendant its costs of this action, and award Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: s/James C. Vlahakis
James C. Vlahakis
Attorney for Defendant
HINSHAW & CULBERTSON LLP
222 North LaSalle, Suite 300
Chicago, IL 60601-1081
tel: 312-704-3000
jvlahakis@hinshawlaw.com

I hereby certify that on August 5, 2011, I electronically filed the above document with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system.

>By: /s/ James C. Vlahakis
>James C. Vlahakis
>Hinshaw & Culbertson LLP
>222 North LaSalle, Suite 300
>Chicago, IL 60601
>t 312-704-300
>f 312-704-3001
>jvlahakis@hinshawlaw.com