**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LOIDY TANG, individually and on behalf of a class, | ) ) ) | 11 C 2109 |
| Plaintiff, | ) ) | Chief Judge Holderman |
| v. | ) ) ) | Magistrate Schenkier |
| MEDICAL RECOVERY SPECIALISTS, LLC, d/b/a MRS, d/b/a MRSI and d/b/a MEDICAL RECOVERY SPECIALISTS, INC., | ) ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO BAR DEFENDANT FROM OBJECTING TO DISCOVERY ON THE BASIS OF A LACK OF A PROTECTIVE ORDER**

NOW COMES, Plaintiff Loidy Tang ("Plaintiff") and respectfully requests this Honorable Court to enter an order determining that Defendant is barred from raising any objection in response to Plaintiff's discovery requests on the grounds that such information cannot be produced without a protective order based on Defendant's failure to review, discuss, or enter into an agreeable protective order.

In support of this motion, Plaintiff states as follows:

1. In an effort to collect a debt Defendant, a collection agency specializing in medical debts, called Plaintiff's cell phone using a predictive dialer accompanied with a prerecorded message without any prior express consent thereby violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. Plaintiff was not the person who incurred the medical debt and is not responsible for the payment of the medical debt. Defendant however without having a human confirm that it was calling the debtor who incurred the debt instead choose to let

its autodialer call Plaintiff and left a prerecorded message on her cell phone's voice mail.

3. Defendant also failed to make a meaningful identification of its business name and attempted to collect the debt using the name of another debt collector "MRS" in violation for the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692d(6), e(14).

4. On March 28, 2011, Plaintiff filed this action and by agreement the parties stayed discovery until the Court's resolution of Defendant's motion to dismiss all counts alleged in the Complaint.

5. On July 7, 2011, the Court denied in total Defendant's motion to dismiss and required Defendant to answer the Complaint by July 21, 2011. (Doc. 25).

6. On July 12, 2011, Plaintiff issued her first set of discovery requests to Defendant.

7. On July 13, 2011, Plaintiff's counsel submitted via email a proposed protective order to Defendant's counsel. Exhibit A. Defendant's response to Plaintiff's Requests for Admission, Interrogatories, and Document requests would have been due on August 9, 2011.

8. Defendant did not answer the Complaint on July 21, 2011, and on July 29, 2011, Plaintiff filed for a motion for entry of default. (Doc. 26).

9. On August 2, 2011, Chief Judge Holderman cautioned Defendant's counsel that the Court would not give any more extensions to Defendant during the course of this litigation.

10. On August 3, 2011, Plaintiff's counsel sent Defendant's counsel an email requesting their review and input on the proposed protective order as follows:

On July 13, 2011, I sent you a proposed protective order in this matter. You have not responded. I would like to have on file this week a motion for a protective order so as to have it up for our next court appearance. I do not want Defendant to be able to assert the lack of a protective order as a basis from withholding discovery. I am attaching another copy here. Please review and respond. Please do not put Plaintiff in a position where it is necessary to file a motion to bar an objection based on the lack of a protective order.

Exhibit B

11. On August 9, 2011, Defendant's counsel requested two additional weeks to respond to discovery. Plaintiff's counsel agreed to the request agreeing to extend the time for Defendant's responses to August 23, 2011. Exhibit C.

12. On August 17, 2011, Chief Judge Holderman referred all discovery motions to Magistrate Judge Schenkier. (Doc. 35).

WHEREFORE, Plaintiff requests this Honorable Court to enter an order barring Defendant from raising any objection in response to Plaintiff's discovery requests on the grounds that such information cannot be produced without a protective order.

                Respectfully submitted,

                s/ Curtis C. Warner
                   Curtis C. Warner

Curtis C. Warner    (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)