IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOIDY TANG, individually and on behalf of a class, | ) ) ) | 11 C 2109 |
| Plaintiff, | ) ) | Chief Judge Holderman |
| v. | ) ) | Magistrate Schenkier |
| MEDICAL RECOVERY SPECIALISTS, LLC, d/b/a MRS, d/b/a MRSI and d/b/a MEDICAL RECOVERY SPECIALISTS, INC., | ) ) ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S AMENDED MOTION FOR CLASS CERTIFICATION**

NOW COMES, Plaintiff Loidy Tang ("Plaintiff"), individually and on behalf of two classes defined herein by and through Plaintiff's counsel and requests this Honorable Court to enter an order determining that Plaintiff's claims under the Telephone Consumer Protection Act ("TCPA") and the Fair Debt Collection Practices Act ("FDCPA") may proceed as a class against Defendant Medical Recovery Specialists, LLC d/b/a MRS, d/b/a MRSI and d/b/a Medical Recovery Specialists, Inc. ("Defendant").

In this matter, Plaintiff requests that this Honorable Court certifies two classes as follows:

(I). The TCPA class consists of: (a) all natural persons with a cellular telephone number (b) that was called by Defendant using an automatic dialer and/or using an artificial or prerecorded voice (c) where defendant's records indicate that the telephone number called was a bad or wrong number (d) for a time period from September 29, 2007 to September 29, 2011 (e) where the cellular telephone service provider was U.S. Cellular at the time the phone call was placed.

(II). (a) all natural persons with a telephone number corresponding to the 773 area code (b) that was called by Defendant on March 25, 2011 to February 25, 2011, (c) where Defendant left a prerecorded message in the form of the message Plaintiff received.

In support of this motion, Plaintiff states:

## NATURE OF THE CASE

1. Plaintiff's Complaint, as amended[1], complains that Defendant used an automatic dialer with a prerecorded message and an artificial voice to call Plaintiff's cellular telephone without Plaintiff's and the class members express prior consent in violation of the TCPA. In essence the TCPA class is comprised of persons like Plaintiff who were not the debtor, but that their cellular telephones were dialed anyway.

2. Likewise, Plaintiff asserts that the content of the prerecorded message violated the FDCPA §§ 1692d(6) and e(14) in that Defendant only identified itself as "MRS" a name which its not its and is the name of a different debt collector.

## CLASS CERTIFICATION REQUIREMENTS

3. All of the requirements of Rule 23(a), (b)(2) and (b)(3) are satisfied here.

4. Defendant's records and a subsequent cell phone scrub indicate that its records show that there are 5,520 cell phone numbers were a wrong number was reported. <u>Exhibit A</u>. U.S. Cellular reports that it has 6.1 million customers. <u>Exhibit B</u>. Such statistics help bolster the probability that numerosity for this national class action is met.

5. Therefore on information and belief there are more than 40 persons in the proposed class. Discovery from U.S. Cellular will determine the correct number of persons in the class.

6. In responding to Plaintiff's Interrogatory No. 6 which asked, "For a time period from March 25, 2010 to March 25, 2011, please state the number of persons, and identify those persons including their name and last known address, with a telephone number corresponding to the 773 area code where Defendant left a prerecorded message in the form alleged in paragraph

---

[1] Plaintiff is seeking leave to amend her Complaint contemporaneously with filing this motion.

20 of the Complaint in this lawsuit" Defendant's response stated, "773 MRS message for the time period of 3-25-2010 to 3-25-2011 = 82,913." Exhibit A. Therefore, for a one-month period more than likely at least 40 persons are in the proposed FDCPA class.

7. There are questions of law and fact common to teach of the two classes, which common questions predominate over any question relating to individual class members.

8. Here, the common questions of fact and law in Plaintiff's TCPA claim are whether Defendant used an automatic dialer with a prerecorded message and/or artificial voice and placed calls to cell phone numbers without the called party's express prior consent.

9. Plaintiff's TCPA claim involving an impermissible autodialed telephone call placed by Defendant using a prerecorded message to her cellular telephone without her prior express consent is typical to those of the class members as it is based on the same factual and legal theories; all persons in the class would not be the debtor, thereby all did not consent to the phone call being made.

10. Injunctive relief is proper to stop Defendant from in the future from using its automatic dialer with a prerecorded message to call class members who have not provided express prior consent for Defendant's phone calls.

11. In regard to Plaintiff's claim under the FDCPA, the common questions of fact and law are whether the content of Defendant's prerecorded message made a proper disclosure of its true business name and whether that same message made a meaningful identification of Defendant's identity. These claims are typical and predominate.

12. Plaintiff will fairly and adequately represent the class members and is aware of the claims brought on behalf of the class.

13. Plaintiff has also retained counsel experienced in consumer class action litigation. The declaration of Plaintiff's counsel Curtis C. Warner of Warner Law Firm, LLC, <u>Exhibit C</u>, is attached hereto.

14. A class action is superior for the fair and efficient adjudication of this matter, in that, individual actions are not economically feasible and embers of the class are likely to be unaware of their rights and the wrongs that has been committed by Defendant.

15. In further support of this motion, Plaintiff submits the accompanying memorandum of law.

## CONCLUSION

WHEREFORE, for the reasons above and in Plaintiff's memorandum, Plaintiff requests this Honorable Court to certify the TCPA and FDCPA classes above, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as class counsel for the class as the requirements of Rules 23(a), (b)(2) and (b)(3) are satisfied.

            Respectfully submitted,

            <u>s/ Curtis C. Warner</u>
             Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)
cwarner@warnerlawllc.com