**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LOIDY TANG, individually and on behalf of a class, | ) ) ) | 11 C 2109 |
| Plaintiff, | ) ) | Chief Judge Holderman |
| v. | ) ) | Magistrate Schenkier |
| MEDICAL RECOVERY SPECIALISTS, LLC, d/b/a MRS, d/b/a MRSI and d/b/a MEDICAL RECOVERY SPECIALISTS, INC., | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S ORAL REQUEST TO STAY CLASS CERTIFICATION IN LIGHT OF *SOPPET* INTERLOCUTORY APPEAL**

Defendant MEDICAL RECOVERY SPECIALISTS, LLC, and pursuant to FRCP 1, submits the following Memorandum of Law in support of its request to stay Plaintiff's Class Certification Motion and merits and class based discovery in light of the *Soppet* Interlocutory Appeal:

**I.    Introduction**

Plaintiff LOIDY TANG alleges that Defendant MEDICAL RECOVERY SPECIALISTS, LLC ("MRSI") violated The Telephone Consumer Protection Act, 47 U.S.C. § 227, ("TCPA") by placing an auto-dialed call to her cell phone while MRSI was attempting to collect a medial bill owed by another person. The TCPA makes it unlawful "for any person … to make any call (other than a call … made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number

assigned to a ... cellular telephone service." 47 U.S.C. §227(b)(1)(A)(iii); 47 C.F.R. § 64.1200.[1]

The TCPA provides that an individual can "recover for *actual monetary loss* from such a violation, *or to receive $500 in damages for each such violation*, whichever is greater . . . ." §227(b)(3)(B) (Emphasis supplied). The TCPA also provides for treble damages: "[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) . . . ." §227(b)(3)(C). Plaintiff *does not* allege to have suffered any actual monetary damages. Rather, the Amended Complaint simply seeks statutory damages for Plaintiff and the class she purports to represent.[2]

## II.  Summary of Argument

Records produced in demonstrate that MRSI obtained the telephone number in question from the underlying hospital. For this reasons, MRSI intends to file summary judgment in the near future on the basis that it had "consent" to call the number in question. As this Court is aware, on October 4, 2011, during the presentment of Plaintiff's Amended Class Certification Motion, defense counsel suggested to this Court that the Class Certification Motion be stayed or deferred until such time as the Seventh Circuit ruled on an interlocutory appeal in a TCPA case before Judge Kennelly involving Plaintiffs Tang and Theresa Soppet. This Memorandum is submitted in support of defense counsel's oral motion to stay or defer class certification briefing. A short summary of *Soppet* follows.

---

[1] Plaintiff also alleges that the subject phone call violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") because it left prerecorded messages utilizing the name "MRS" rather than MRSI.

[2] Unlike the FDCPA, the TCPA has not net worth cap to limit class based damages.

In *Soppet vs. Enhanced Recovery*, Judge Kennelly denied a defendant's consent based defense involving, holding, in relevant part:

> The Court assumes for purposes of this discussion that the consent that Riley had provided four-plus years before ERC first called Soppet and the consent that Morgan had provided three years before ERC first called Tang qualifies under section 227(b)(1) even absent evidence that ERC had done anything to attempt to confirm that Riley and Morgan still had those phone numbers.
>
> *** *
>
> The Court concludes that the term "called party" in section 227(b)(1) refers to the actual recipient of a call, just as it does in section 227(d)(3). As a result, Soppet and Tang are the "called parties" with regard to the calls at issue in this case. Because there is no evidence that they expressly consented to receive calls from ERC, ERC is not entitled to the benefit of section 227(b)(1)'s exception to liability

See Exhibit A, 2-3. Subsequently, Judge Kennelly granted the defendant's motion to for leave to file an interlocutory appeal. A copy of the defendant's "Petition For Interlocutory Appeal" was filed on September 27, 2011, and is attached as Exhibit B. The "Question Presented" is as follows:

> For purposes of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A), is an autodialed debt collection call to a cell phone number at which a debtor consented to receive such calls made with the consent of the "called party" if a person other than the debtor owns the cell phone number and receives the call when made?

Exhibit B, p. 2. In relevant part, the defendant's argument to the Seventh Circuit hinged on the following:

> As noted, Judge Kennelly assumed ERC's calls were made with the consent of the debtors and intended recipients, Mr. Riley and Ms. Morgan, because the numbers were provided by them to the creditor, AT&T.[3] Even though this consent was never withdrawn or revoked by anyone (including the plaintiffs) prior to the making of the ERC calls, Judge Kennelly ruled ERC needed to prove the

---

[3] *See* [Judge Kennelly's Order], 08/21/11 Order, at p. 2.

3

company had plaintiffs' consent.[4] Judge Kennelly's decision is in direct conflict with the 2008 FCC order. Most importantly, *Judge Kennelly was bound to follow the 2008 FCC order per the Hobbs Act, 28 U.S.C. § 2342*.[5] Notably, Judge Kennelly's decision is also contrary to numerous cases holding that a debt collector can lawfully autodial a cell number for a debtor if the debtor provided the number to the creditor.[6]

*Id*. at p. 11 (footnotes renumbered from original).

Plaintiffs Tang and Soppet filed their Answer on October 10, 2011 and a copy is attached as <u>Exhibit C</u>. Plaintiffs' response essentially took "no position" in terms of the arguments advanced by the defendant. In full, Plaintiffs stated the following:

> Plaintiffs Teresa Soppet and Loidy Tang ("Plaintiffs") take no position as to whether this Court should grant Defendant Enhanced Recovery Company, LLC.'s petition for interlocutory appeal. The district court properly denied Defendant's motion for summary judgment because Plaintiffs are the "called part(ies)." under the Telephone Consumer Protection Act and Plaintiffs did not give "prior express consent." to Defendant to call their cell phones using an automatic dialer and leave pre-recorded messages. However, if this Court grants Defendant's petition, Plaintiffs request thirty (30) days from the filing of Defendant's opening brief to file a response brief supporting their position that the district court's opinion should be affirmed.

---

[4]     *Id.* at pp. 2-3.

[5]     The Hobbs Act "vests the courts of appeals with exclusive jurisdiction to review certain orders issued by the Federal Communications Commission[.]" *Illinois Bell Telephone Co. v. F.C.C.*, 740 F.2d 465, 467 (7th Cir. 1984); *see also Indiana Bell Tel. Co., Inc. v. McCarty*, 362 F.3d 378, 389 n. 13 (7th Cir. 2004). Said another way, "[p]roceedings for judicial review of final orders of the FCC . . . may be brought only in a federal court of appeals." *City of Peoria v. General Elec. Cablevision Corp. (GECCO)*, 690 F.2d 116, 119 (7th Cir. 1982). Several district courts, including the N.D. of Illinois, have acknowledged the limitations imposed by the Hobbs Act with respect to FCC TCPA orders. *See Greene v. DirecTv, Inc.*, 2010 WL 4628734, *3 (N.D. Ill. 2010) ("The Federal Communications Commission . . . has clarified what constitutes 'express consent' under the statute pursuant to its authority to create rules and regulations implementing the TCPA. . . . A district court must accept the FCC's interpretation of the TCPA as expressed in their regulations and orders."); *CE Design Ltd. v. Prism Business Media, Inc.*, 2009 WL 2496568 (N.D. Ill. 2009); *Leckler v. Cashcall, Inc.*, 2008 WL 5000528 (N.D. Cal. 2008).

[6]     *See*, *e.g.*, *Sengenberger v. Credit Control Services, Inc.*, 2010 WL 1791270, *3 (N.D. Ill. 2010); *Gutierrez v. Barclays Group*, 2011 WL 579238, *2 (S.D. Cal. 2011); *Cunningham v. Credit Management, L.P.*, 2010 WL 3791104, *4-5 (N.D. Tex. 2010); *Pugliese v. Professional Recovery Service, Inc.*, 2010 WL 2632562, *7 (E.D. Mich. 2010); *Starkey*, 2010 WL 2541756 at *3; *Pollock v. Bay Area Credit Service, LLC*, 2009 WL 2475167, *9-10 (S.D. Fla. 2009); *Bates v. I.C. System, Inc.*, 2009 WL 3459740, *2 (W.D. N.Y. 2009).

4

Exhibit C, p. 9.

As discussed below, it makes sense to stay class certification briefing and further class based discovery until the Seventh Circuit (a) rejects the *Soppet* appeal or (b) until such time as the Seventh Circuit accepts <u>and</u> rules on the *Soppet* appeal. In light of the short nature of any stay and the real human and dollar costs associated with if discovery and class certification must go forward, no harm or prejudice will come from granting this stay.

**III.** **Argument – This Case Should Be Stayed During the *Soppet* Appeal**

Pursuant to this Court's inherent power, a stay should issue because: (i) a stay will not unduly prejudice or tactically disadvantage the plaintiff; (ii) a stay will simplify the issues in question; and (iii) a stay will reduce the burden of litigation on the parties and on the Court. *See Pfizer Inc. v. Apotex Inc.*, 640 F.Supp.2d 1006, 1007 (N.D.Ill. 2009).

Staying this case while the *Soppet* appeal is pending is consistent with FRCP 1 which provides that the Federal Rule of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." *Pfizer*, 640 F.Supp.2d at 1010 (stating that a stay is appropriate to prevent a waste of judicial and party resources). A stay is also consistent with FRCP 16, which among other things, allows courts to issue orders "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Here, a stay would help conserve judicial resources. *See* FRCP 16(c)(2)(P). *See also*, FRCP 16(2)(A), (F), (K) and (L). A pretrial order can be modified for good cause. *See* FRCP 16(b)(4).

Here, a temporary stay will avoid substantial costs and efforts associated with locating, extracting, and culling potential class members. *Genzyme Corp. v. Cobrek Pharmaceuticals, Inc.*, 2011 WL 686807 (N.D. Ill. Feb. 17, 2011) (stating that there is no prejudice to the non-

movant where limited discovery has been conducted, no depositions have been taken, and no trial date has been set). Of these efforts will be for naught if the Seventh Circuit rules in favor of the defendant on the issue of consent.

As discussed on the record on October 4, 2011, if the Seventh Circuit reverses Judge Kennelly and holds that "consent" existed to call Ms. Tang and Ms. Soppet, Defendant would likely prevail under this ruling because it had consent to call the subject number the creditor in question had obtained the telephone number in question from the minor patient's guardian.

### IV. Conclusion

Defendant respectfully that this Honorable Court stay class briefing and class and merits based discovery until the Seventh Circuit rules on the *Soppett* case.

Date: October 17, 2011

Respectfully submitted,

/s/*James C. Vlahakis*
David M. Schultz
James C. Vlahakis
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000
dschultz@hinshawlaw.com
jvlahakis@hinshawlaw.com
Attorneys for Defendant

6

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2011, I electronically filed the above notice of motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ James C. Vlahakis
James C. Vlahakis
Hinshaw & Culbertson LLP
Attorney for Defendant
222 North LaSalle, Suite 300
Chicago, IL 60601
tel 312-704-3715