IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOIDY TANG, individually and on behalf of a class, | ) ) ) | 11 C 2109 |
| Plaintiff, | ) ) | Chief Judge Holderman |
| v. | ) ) ) | Magistrate Schenkier |
| MEDICAL RECOVERY SPECIALISTS, LLC, d/b/a MRS, d/b/a MRSI and d/b/a MEDICAL RECOVERY SPECIALISTS, INC., | ) ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO STAY PENDING THE SUPREME COURT'S
RESOLUTION OF
*FIRST AMERICAN FINANCIAL CORPORATION v. EDWARDS***

NOW COMES Loidy Tang ("Plaintiff") by and through her counsel and submits her memorandum in opposition of Defendant's motion to stay pending the Supreme Court's Resolution of *First American Financial Corp., v. Edwards*.

### INTRODUCTION

Defendant has scheduled the presentment of this motion to stay **_2 hours_** before the first deposition in this matter is scheduled to begin. Notably, Defendant does not cite any case law that supports the proposition that a grant of certiorari is a basis for a stay. Although standing can be challenged at any time, Defendant does not explain why its same counsel here waited one month after filing an almost identical motion to stay before Judge Gettleman, which was promptly denied. For the reasons stated herein, Defendant's motion to stay should be denied.

The Seventh Circuit has found that a plaintiff has standing to seek statutory damages in lieu of actual damages under consumer-protection statutes holding:

> What is true is that if no injury is alleged (or, if the allegation is contested, proved, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 119 L. Ed. 2d 351, 112 S. Ct. 2130 (1992)), and as a result there is no case or controversy between the parties within the meaning of Article III of the Constitution, the plaintiff cannot base standing on a claim for attorneys' fees. Otherwise the limitation of federal jurisdiction to cases and controversies would be empty.
>
> But we cannot stop here, despite Crabill's failure to prove injury to himself. *Many statutes, notably consumer-protection statutes, authorize the award of damages (called 'statutory damages') for violations that cause so little measurable injury that the cost of proving up damages would exceed the damages themselves, making the right to sue nugatory*. It is the same theory that underlies the class action, the core function of which is to enable the litigation of claims too small to warrant the costs of prosecuting a separate suit for each claim. The award of statutory damages could also be thought a form of bounty system, and Congress is permitted to create legally enforceable bounty systems for assistance in enforcing federal laws, provided *the bounty is a reward for redressing an injury of some sort* (though not necessarily an injury to the bounty hunter)...
>
> *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 665-666 (7th Cir. 2001) (citations omitted) (emphasis added).

The Seventh Circuit's holding in *Crabill* does not stand alone. *E.g. Baker v. G. C. Services Corp.*, 677 F.2d 775, 781 (9th Cir. 1982) (in FCPA matters "statutory damages are available without proof of actual damages."); *Robey v. Shapiro, Marianos & Cejda, L.L.C.*, 434 F.3d 1208, 1211-12 (10th Cir. 2006) (the FDCPA confers Constitutional standing to seek statutory damages in the absence of actual damages).

While Defendant surely hopes that the Supreme Court will create new law and take a radical departure from jurisprudence, this Honorable Court is bound by Seventh Circuit precedent and to follow the statutory language as drafted by Congress. *Murray v. GMAC Mortg. Corp.,* 434 F.3d 948, 954 (7th Cir. 2006); *Schwab v. Secretary, Dept. of*

*Corrections*, 507 F.3d 1297, 1298 (11th Cir. 2007) ("[T]he grant of certiorari does not change circuit precedent.").

## ARGUMENT

I. **Background**

   **A. History of the Case**

On March 28, 201, Plaintiff filed a class action Complaint alleging that Defendant violated the Telephone Consumer Protection Act ("TCPA") and the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff, individually and on behalf of each class choose to seek only statutory damages as the type of damage for each offense committed by Defendant is hard to quantify, yet are compensable. *Crabill*, 259 F.3d at 665-66; *GMAC Mortg. Corp.,* 434 F.3d at 953.

Defendant moved under Rule 12(b)(6) to dismiss the TCPA claim arguing that Plaintiff did not have standing as she was not the "intended recipient" of the autodialed call and to dismiss the FDCPA claim. While Defendant's motion to dismiss was pending, discovery was stayed.

On July 7, 2011, this Court denied Defendant's motion to dismiss in its entirety. The Order also required Defendant to file an answer to the Complaint on July 21, 2011. (Doc. 25). Defendant failed to file a timely answer and on July 29, 2011, Plaintiff motioned this Court for an entry of Default. (Doc. 26). On August 2, 2011, this Court permitted Defendant until noon on August 8, 2011, to file its answer. The Court also strongly cautioned Defendant that no further delays would be tolerated.

On August 8, 2011, this Court ordered that initial disclosures were to be made on August 19, 2011, that discovery is to close on March 16, 2012, and that dispositive

3

motions are to be filed on April 16, 2012. (Doc. 34). The Court also set July 16, 2012, as the trial date. (Id.).

On September 26, 2011, Plaintiff filed a motion to compel Defendant's corporate disclosures. (Doc. 44). On September 27, 2011, Defendant filed its well overdue Rule 7.1 corporate disclosures for the first time revealing its parent corporation. (Doc. 47).

After receiving a limited response to Plaintiff's discovery, Plaintiff sought to amend her complaint and moved to certify the amended class definitions. Plaintiff's Amended Complaint was filed on October 14, 2011.[1]

This Court set this matter for an October 18, 2011 status to enable the parties to discuss class discovery and to be able to report to the Court about such discovery. On October 14, 2011, Defendant's counsel requested Plaintiff's counsel to agree to have the status hearing moved from October 18, 2011, to October 20, 2011.

**B. Discovery**

On July 12, 2011, Plaintiff issued written discovery comprised of Requests for Admission, Document Production Requests and Interrogatories to Defendant. On August 9, 2011, Defendant's counsel requested two additional weeks to respond to discovery. Plaintiff's counsel agreed to the request agreeing to extend the time for Defendant's responses to August 23, 2011. On August 23, 2011, Defendant responded to discovery

---

[1] The FDCPA class as alleged in Plaintiff's Amended Complaint is different than in her motion keeping the one year class time period as alleged in the original Complaint, not alleging the one month time period as noted in the amended class certification motion. It was not after the filing of the amended class motion did Plaintiff's counsel know that Defendant's counsel oral representation of 1% Defendant's net worth was substantially lower that its actual net worth. Defendant in being requested to state the number of persons in the FDCPA class supplement its response on September 23, 2011 to, "773 MRS message for the time period of 3-25-2010 to 3-25-2011 = 82,913." On October 13, 2011, Defendant's counsel stated that the FDCPA class was 1,109 persons.

comprised primarily of objections and a few pages of documents. On August 31, Plaintiff's counsel sent Defendant's counsel a detailed Rule 37 letter outlining Defendant's deficient discovery responses.

On August 23, 2011, Plaintiff requested dates for Defendant to produce Rule 30(b)(6) witnesses on a variety of topics. On September 15, 2011, the counsel for the parties conducted a phone conference regarding the issues raised in the Rule 37 Letter. Plaintiff's counsel agreed to an extension of time until September 23, 2011, for Defendant to make its supplemental responses.

On September 23, 2011, Defendant supplemented some of its responses including that the potential scope of the TCPA class could include 5,520 class members. Exhibit A.

On September 27, 2011, counsel for the parties appeared before Magistrate Judge Schenkier, to whom Plaintiff's counsel raised the issue that although asked over a month ago, Defendant had not provided Plaintiff's counsel dates in which Defendant's Rule 30(b)(6) witnesses could be produced. In response, Magistrate Judge Schenkier entered the order that in pertinent part states, "The parties are to schedule deposition dates and further make a determination on whether they are interested in participating in a settlement conference at a future date" and set a short status date to ensure that depositions dates had been set. (Doc. 46).

On September 28, 2011, Plaintiff's counsel sent Defendant's counsel a notice of depositions to produce Rule 30(b)(6) witnesses on a variety of topics on October 25, 2011, a date Defendant's counsel agreed to. Exhibit B.

5

On October 3, 2011, Defendant finally verified its Interrogatory responses to Plaintiff's First Set of Interrogatories. On October 10, 2011, Defendant verified its supplemental Interrogatory responses to Plaintiff's First Set of Interrogatories.

On October 13, 2011, Defendant finally provided Defendant's financials. The financials contradicted by ten-fold Defendant's counsel's oral representation of what 1% of Defendant's net worth was. On October 13, 2011, Defendant's counsel in supplementing Interrogatory No. 6 identified that there are 1,109 class members in the FDCPA class. Exhibit C.

On October 13, 2011, Defendant's counsel finally provided notice to Plaintiff's counsel for Plaintiff to appear for her deposition in this matter on *October 20, 2011 at 11:00 a.m.* Exhibit D.

The amount of discovery put in to this case and the time Plaintiff's counsel has put in to preparing for the depositions that are to begin two hours from the presentment of this motion to stay, distinguish this matter from *Genzyme Corp v. Cobrek Pharmaceuticals, Inc.*, 2011 WL 686807 (N.D. Ill. Feb. 17, 2001), relied upon by Defendant.

## II. Defendant's Purposeful Delay

***Defendant has scheduled this motion for a stay to be presented 2 hours before the first deposition scheduled in this matter is to begin.*** Exhibit D. As illustrated above, Defendant has engaged in detracted discovery. A record has been made before Magistrate Judge Schenkier that Plaintiff will move forward and take Defendant's Rule 30(b)(6) witnesses depositions and then move for discovery sanctions after Defendant is

locked into its responses. Defendant's witnesses' depositions are scheduled for October 25, 2011. Exhibit B.

Furthermore, Defendant's counsel is an attorney at Hinshaw & Culbertson, LLP, and in other matters alleging statutory damages only, David M. Shultz, from the same firm has filed motions to stay pending the resolution by the Supreme Court of *Edwards*. *E.g. Pesce v. First Credit Services, Inc.*, 11 C 1379 (N.D. Ill.) (Gettleman, J); *Pawelczak v. Financial Recovery Services, Inc.*, 11 C 2214, Doc. 31 (N.D. Ill. Oct. 5, 2011) (Leinenweber, J). Indeed, Defendant's same counsel here, Mr. James C. Vlahakis, is counsel of record of the nearly identical motion and memorandum filed in *First Credit Services, Inc.*, on **September 15, 2011**, and himself certified that he filed the motion for stay on that date**.** Exhibit E. Both of those defendants' motions to stay citing *Edwards* as the basis for the stay were denied. *First Credit Services, Inc.*, Doc. 33 (N.D. Ill. Oct. 12, 2011) Exhibit F; *Financial Recovery Services, Inc.*, Doc. 54 (N.D. Ill. Sept. 21, 2011) Exhibit G. Such prior filings demonstrate that Defendant's counsel waited until the eleventh hour in an attempt to avoid having to move forward with depositions that Magistrate Judge Schenkier required to be scheduled in this matter.

While Defendant's memorandum touts Rule 1 for being a basis of a stay, its conduct in this case is far from being speedy or aimed to an efficient resolution of this matter.

**III. Defendant's Class Discovery Argument is Without Merit**

Defendant argues that a stay "will avoid *substantial costs* and efforts associated with locating, extracting, and culling potential class members." (Def. Memo., p. 4). Defendant has already identified that there are 1,109 persons in the FDCPA class. Exhibit

7

C. After the granting of Plaintiff's motion to certify the class all Defendant needs to do is hand over a list of these person's names and addresses so a notice of pendency can be sent to them. This cost is on the Plaintiff.

Likewise, Defendant has also identified that there are potentially 5,520 class members in the TCPA class. Exhibit A. Plaintiff will then need to subpoena US Cellular to determine the names and addresses of the called party in this wrong number TCPA class. Again, this cost is on the Plaintiff.

Finally, Defendant does not state with any specificity how it will be prejudiced or provides any figure to what the "*substantial costs*" are. Therefore, Defendant's class discovery argument has no merit.

## CONCLSUION

WHEREFORE the reasons stated above, Plaintiff requests this Honorable Court to deny Defendant's motion to stay.

                                        Respectfully submitted,

                                        s/ Curtis C. Warner
                                          Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
155 N. Michigan Avenue, Suite 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)