**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LOIDY TANG, individually and on behalf of a class, | ) ) ) | 11 C 2109 |
| Plaintiff, | ) ) | Chief Judge Holderman |
| v. | ) ) | Magistrate Schenkier |
| MEDICAL RECOVERY SPECIALISTS, LLC, d/b/a MRS, d/b/a MRSI and d/b/a MEDICAL RECOVERY SPECIALISTS, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S MOTION FOR CLARIFICATION**

NOW COMES Loidy Tang ("Plaintiff") by and through her counsel and moves this Honorable Court for clarification of this Court's October 20, 2011, Order.

In support of this Motion, Plaintiff states:

1.     On September 29, 2011, Plaintiff issued two interrogatories to Defendant seeking, in part, the potential size of the proposed class under the Telephone Consumer Protection Act ("TCPA") and the actual number of class members under the class definition asserted in Plaintiff's class certification motion under the Fair Debt Collection Practices Act ("FDCPA").

2.     On October 17, 2011, Defendant filed a motion to stay both claims based upon an Article III challenge before the Supreme Court regarding statutory damages. (Doc. 61).

3.     On October 17, 2011, Defendant filed a motion to stay Plaintiff's TCPA claim only based upon the petition for Interlocutory Appeal *In Re: Enhanced Recovery Company, LLC*, 11-8025 (7th Cir.).  (Doc. 63).

4.      On October 20, 2011, this Court entered an Order denying Defendant's motion to stay based upon the Article III challenge before the Supreme Court.  (Doc. 68).

5.      The October 20, 2011, Order makes no mention that class discovery is stayed.

6.      On October 20, 2011, Defendant's counsel took Plaintiff's deposition and questioned her at length regarding the class issue of Plaintiff's adequacy.

7.      On October 21, 2011, Defendant provided its supplement discovery response in response to Plaintiff's interrogatory asking for the size of the FDCPA class as set forth in the Complaint as Amended.  Exhibit A.

8.      On November 1, 2011, Defendant objected to Plaintiff's class discovery stating, "Further objecting Defendant notes that Judge Holderman instructed the parties to refrain from engaging in class based discovery beyond Defendant's 30(b)(6) deposition." Exhibit B.

9.      On November 2, 2011, counsel for the parties appeared before Magistrate Judge Schenkier for a status conference regarding discovery.  Plaintiff's counsel brought Defendant's counsel's objection above to light during the status conference.  Magistrate Judge Schenkier indicated that without an order staying discovery, discovery would proceed.

10.     Plaintiff would like to move to compel class discovery, *see e.g.* Exhibit B, but given Defendant's objection as quoted above, a clarification of the October 20, 2011 Order is prudent.

11.     In regard to the interrogatories regarding the potential size of each class, Defendant appears to already be able to provide responses.   (Doc. 51-1, Class

Certification Motion, Ex. A) (regarding potential TCPA class "Wrong number reports for nationwide calls going back 3-25-2011 = 5,520 (identified as cells during a scrub performed this week)."); Exhibit C (regarding FDCPA class, "I will issue a supplement verified, discovery response to Int. no. 6. I believe that the final figure for the area 773 code will be 1,109 (accounts). The prior number related to the number of messages left.")

**CONCLSUION**

WHEREFORE the reasons stated above, Plaintiff requests this Honorable Court to clarify the Court's October 20, 2011 Order in regard to whether class discovery can proceed.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
155 N. Michigan Avenue, Suite 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)