**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LOIDY TANG, individually | ) | |
| and on behalf of a class, | ) | 11 C 2109 |
| | ) | |
| Plaintiff, | ) | Chief Judge Holderman |
| | ) | |
| v. | ) | Magistrate Schenkier |
| | ) | |
| MEDICAL RECOVERY SPECIALISTS, | ) | |
| LLC, d/b/a MRS, d/b/a MRSI and d/b/a | ) | |
| MEDICAL RECOVERY SPECIALISTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO COMPEL CLASS DISCOVERY**
**AND FOR SANCTIONS**

NOW COMES Plaintiff Loidy Tang ("Plaintiff") by and through her counsel and moves this Honorable Court to enter an Order compelling Defendant Medical Recovery Specialists, LLC ("Defendant") to respond with a verified Interrogatory response to the class discovery sought and to award appropriate sanctions.

In support of this motion, Plaintiff states:

**INTRODUCTION**

As this Court and Chief Judge Holderman are aware, Plaintiff has been attempting for some time now to obtain a verified response to Plaintiff's interrogatories requesting information pertaining to primarily the number of putative class members in Plaintiff's proposed classes brought under the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Communications Protections Act ("TCPA"). Instead of receiving any verified responses to Plaintiff's interrogatories regarding the FDCPA and TCPA proposed classes, Plaintiff has received an evasive response not stating the number of

class members in the TCPA class but the number of phone calls those members received, and empty promises that a verified response would be produced as to the TCPA class. Defendant is not permitted to stonewall class discovery as, "defendants do not get to determine unilaterally the scope and timing of discovery." *Lucas v. GC Servs. L.P.*, 226 F.R.D. 328, 331 (N.D. Ind. 2004). Therefore, this Court should enter an Order compelling Defendant to make verified responses to the outstanding class discovery by a set date and to award appropriate sanctions of attorney's fees and costs.

## BACKGROUND

1.     On July 12, 2011, Plaintiff issued her First Set of Discovery to Defendant requesting information regarding the membership in the proposed class under the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Communications Protections Act ("TCPA").

2.     On August 9, 2011, Defendant's counsel, James C. Vlahakis ("Defendant's counsel"), emailed Plaintiff's counsel, Curtis C. Warner ("Plaintiff's counsel"), requesting an additional two weeks to respond to discovery.   Plaintiff's counsel so stipulated to the request.

3.     On August 23, 2011, Defendant produced its objections and responses. The Interrogatories were not verified.  Exhibit 1.

4.     Plaintiff's Interrogatory specifically requested:

For a time period from March 25, 2010 to March 25, 2011, please state the number of persons, and identify those persons including their name and last known address, with a telephone number corresponding to the 773 area code where Defendant left a prerecorded message in the form alleged in paragraph 20 of the Complaint in this lawsuit.[1]

---

[1] Plaintiff's Amended Complaint defines the FDCPA Class as, "(a) all natural persons with a telephone number corresponding to the 773 area code (b) that was called by

(Id., p. 6).

5.      Defendant's objection to Interrogatory 6 is as follows:

This is [sic] Interrogatory is premature prior to class certification and may implicate HIPAA protected data.  Subject to the entry of an appropriately drafted protective order, Defendant will answer this Interrogatory.

(Id., p. 6).

6.      On August 31, 2011, after a face-to-face meeting between counsel for the parties discussing Plaintiff's issues with Defendant's discovery responses, Plaintiff's counsel sent Defendant's counsel a letter under Rule 37, Local Rule 37.2 pointing out specifically Plaintiff's position on Defendant's failure to respond to Interrogatory Number 6.  Exhibit 2, p. 2 ("No. 6.  The objection that no class has been certified as a basis is without merit. Additionally, now that it is apparent that a protective order will be sought, please state a date in which Defendant will respond to this interrogatory.").

7.      On September 7, 2011, this Court entered an Agreed Protective Order. (Doc. 43).

8.      On September 9, 2011, Plaintiff's and Defendant's counsel discussed in pertinent part, Defendant's objection to Interrogatory No. 6, and Plaintiff's counsel requested a verified response to that Interrogatory.

9.      On September 23, 2011, Defendant's counsel sent an email stating, "Int. no. 6: 773 MRS message for the time period of 3-25-2010 to 3-25-2011 = 82,913." (Exhibit 3, p. 2).

---

Defendant on March 25, 2011 to March 25, 2010, (c) where Defendant left a prerecorded message in the form of the message Plaintiff received."  (Doc. 60).

10.     Plaintiff's counsel questioned whether the 82,913 number represented the total number of calls, not persons in the class to which Defendant's counsel responded, "I think it is total messages not per person.  I will recheck and report Monday."  (Id., p. 1).

11.     On September 29, 2011, after Plaintiff had filed her Motion to Amend the Complaint sent Defendant a second set of discovery requests seeking, in pertinent part, information regarding the TCPA proposed class as set forth in the proposed Amended Complaint.  The email also stated, "If Defendant is taking the position that any portion of these Interrogatories exceeds the number permitted by the Court, please immediately contact me so that I can motion the Court to enlarge the number to include these Interrogatories."  (Exhibit 4).

12.     On October 3, 2011, Defendant provided its Verified response to Plaintiff's July 12, 2011, Interrogatories, not changing the substance of its previous response, just adding a verification page.  (Exhibit 5).

13.     Defendant's objection to Interrogatory 6 again even after this Court entered a protective Order is as follows:

> This is [sic] Interrogatory is premature prior to class certification and may implicate HIPAA protected data.  Subject to the entry of an appropriately drafted protective order, Defendant will answer this Interrogatory.
>
> (Id., p. 6.)

14.     On October 4, 2011, Plaintiff's counsel and Defendant's counsel had a face to face meeting and discussed Defendant providing a supplemental response to Interrogatory No. 6, and discussed Defendant's ability to define potential members of the TCPA class as amended.  An email confirming that discussion is attached hereto as (Exhibit 6).

15.     On October 10, 2011, Defendant provided its Supplemental Interrogatory Answers to Plaintiff's July 12, 2011, Discovery requests.  (Exhibit 7).

16.     Defendant did not provide any supplement to Interrogatory number 6. (Id.)

17.     On October 13, 2011, Plaintiff's counsel attempted again to resolve the discovery dispute over Interrogatory No. 6 stating:

> Also Interrogatory 6 has not been properly answered regarding the numerosity of the FDCPA class for a one-year time period.  I would still like the answer to this Interrogatory as we may amend the class definition in the reply given your incorrect statement of Defendant's net worth.
>
> In the original August 23, 2011 response on as later verified on October 3, 2011, there was an objection to Interrogatory No. 6.  As pointed out in my August 31, 2011, Rule 37 letter Plaintiff demanded a response and a date in which that response would be provided by.   In your September 23, 2011 email you stated, "Int. no. 6:  773 MRS message for the time period of 3-25-2010 to 3-25-2011 = 82,913."  I followed up in an email that same day asking if that number was for calls placed or for persons.  We had a follow up conversation on this issue.
>
> In the supplemented verified Interrogatory send on October 10, 2011, Defendant did not supplement its response.
>
> Defendant needs to promptly respond to Interrogatory No. 6 or I will file a motion to compel.
>
> (Exhibit 8).

18.     On October 13, 2011, Defendant's counsel responded by email Plaintiff's counsel that, "I will issue a supplemental, verified, discovery response to Int. no. 6.  I believe that the final figure for area 773 code will be 1,109 (accounts).  The prior number related to the number of messages left."  (Id.).

19.     On October 14, 2011, Defendant's counsel emailed Plaintiff's counsel an email regarding the potential TCPA class members as being, "5,520 potential "wrong number" reports appear after 2/10/2010 * * * Long story short, the 5,520 number appears

unchanged, it's just a question of whether it could get larger if the records are reexamined as outlined above." (<u>Exhibit 9</u>).

20.     On October 17, 2011, Plaintiff's counsel discussed with Defendant's counsel the format which Plaintiff's counsel wanted Defendant's counsel to respond to the outstanding discovery regarding the TCPA class. An October 18, 2011, follow up email is attached hereto as (<u>Exhibit 10</u>).

21.     On October 20, 2011, one and half hours before Plaintiff's deposition was scheduled to proceed, Chief Judge Holderman heard and denied Defendant's motion for a stay was denied without prejudice. (Doc. 68). The Court's Order did not stay class discovery and knowing that both parties had scheduled depositions within the week, entered and continued Plaintiff's motion for class certification. No stay of class discovery was issued. (<u>Id</u>.).

22.     On October 25, 2011, Plaintiff's counsel took the Deposition of Jose Rivera who has on behalf of Defendant signed the Interrogatory Verification Pages in this matter.

23.     On November 1, 2011, Defendant's counsel provided only an objection to Plaintiff's request for information related to the proposed TCPA class. (<u>Exhibit 11</u>)

24.     Plaintiff's Interrogatory No 1 requested:

**INTERROGATORY NO. 1:** For all cellular telephone numbers that were called by Defendant using an automatic dialer and/or using an artificial or prerecorded voice where defendant's records indicate that the telephone number called was a bad or wrong number for a time period from September 29, 2007 to September 29, 2011, please state the following:
a.      the cellular telephone number;
b.      the first date that the cellular telephone number was called;
c.      the last date the cellular telephone number was called;
d.      the total number of calls made to that cellular telephone number; and

e.      the name of the person for whom Defendant believes it had consent to call that cellular telephone number.

(Id.).

25.      Defendant's counsel provided the following objection:

**Answer:**      Objection, this interrogatory exceeds the number provided for by the Federal Rules. Subject to and without waiving this objection, Defendant states that this interrogatory is premature as no class has been certified. Further objecting, Defendant notes that Judge Holderman instructed the parties to refrain from engaging in class based discovery beyond Defendant's 30(b)(6) deposition. Additionally, this interrogatory is objectionable because the nature of the data requested is incomplete – plaintiff has refused to allow Defendant to include the dates of the relevant calls and has threatened to seek sanctions if Defendant included such information. Plaintiff refused to engage in a oral discussion on this issue pursuant to LR 37.2. Defendant is unable to set aside the time and effort to extract that data in the form it desires, only to have Plaintiff object and demand that Defendant redo the data retrieval. Additionally, Defendant's data cannot easily be searched to confirm if a "bad" number was in fact a wrong number. For example, a debtor could have contacted Defendant to state that a particular number was a bad number to reach it at, instead of saying that the Defendant had reached the "wrong person." As such, the production of the requested materials will include false positives. Requiring Defendant to cull its data on an account by account and note by note basis to eliminate false positives and actual wrong numbers is overly burdensome.

(Id).

26.      On November 2, 2011, counsel for the parties appeared before this Court and informed this Court that Plaintiff had not been yet provided verified responses to the interrogatories regarding the TCPA and FDCPA class and apprised the Court of Defendant's counsel objections to responding to the discovery.  Plaintiff's counsel also apprised the Court that in Plaintiff's counsel opinion the objections were untimely and that even though Plaintiff's counsel in sending the second set of interrogatories requested Defendant's counsel to inform him if he was going to object stating that more than 25 Interrogatories had been requested to promptly notify him.

27.     On November 8, 2011, Chief Judge Holderman informed Defendant's counsel that it was the Court's position at the October 20, 2011 hearing that class discovery could proceed in this matter. (<u>Exhibit 12</u>, p. 2) (The Court: "I had anticipated that we would go ahead with class discovery")

28.     At the November 8, 2011, hearing Defendant's counsel agreed that Defendant would respond to the TCPA class discovery providing responses to Interrogatory 1(a)-(c) and (e) limited to the approximately 5,000 wrong number persons that Defendant has identified. (<u>Exhibit 12</u>, pp. 9-10).

29.     On November 14, 2011, Plaintiff's counsel inquired about the status of Defendant's class Interrogatory responses and was informed, "As for the verified answers, I've asked the EDL to cull down the FDCPA list as we discussed and I expect to have that done shortly. We are also in the process of working on the TCPA class. I'll report back next week on the status of these requests ASAP. I anticipate that the lists will be completed by mid-week." (<u>Exhibit 13</u>).

30.     Defendant has yet to provide a verified response to Interrogatory No. 6 of Plaintiff's First Set of Discovery issued on July 12, 2011, asking in part the size of the proposed FDCPA class, and Interrogatory No. 1, asking for information needed so Plaintiff can subpoena US Cellular to determine the identity of the proposed TCPA class.

31.     As of the filing of this motion, Defendant has not made any verified response to Plaintiff's Interrogatories seeking information regarding the two proposed classes despite Defendant's counsel's promises.

32.     Plaintiff's counsel certifies that after consultation in person and by telephone, good faith attempts to resolve differences to resolve the outstanding class

discovery outlines above and counsel has been unable to reach an accord.  It is becoming very clear that Defendant is purposefully delaying a response to Plaintiff's class discovery; telling the Court one thing and doing and saying another.

33.     It is well-established that a plaintiff may take discovery on class certification issues, including the class list, before a class has been certified. 2003 Advisory committee note to FED. R. CIV. P. 23(c)(1)(A); *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890 (7th Cir. 1981); *accord*, *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571-72 (2d Cir. 1982); *Dillon v. Bay City Construction Co., Inc.*, 512 F.2d at 804 (4th Cir. 1979); *Pittman v. E.I. duPont de Nemours & Co., Inc.*, 552 F.2d 149, 150 (5th Cir. 1977), *Parker v. Risk Mgmt. Alternatives, Inc.*, 206 F.R.D. 211, 214 (N.D. Ill. 2002) (FDCPA Case); *Morris v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 336, 341(N.D. Ill. 2001) (FDCPA case); *Nash v. City of Oakwood*, 90 F.R.D. 633, 636-637 (S.D. Ohio 1981); *National Org. for Women v. Sperry Rand Corp.*, 88 F.R.D. 272, 277 (D. Conn. 1980); *also see Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351, n.13 (1978).

34.     By failing to provide class discovery Defendant has essentially elected to engage in protected discovery which is "the bane of modern litigation." *Rossetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000) (Posner, J.).  In short, Defendant has set Plaintiff between a rock and a hard place to which it should not be permitted to just ignore.

35.     "Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a party may file a motion to compel discovery when the other party fails to respond to a discovery

request. . . ." *Lakewood Eng'g Mfg. v. Lasko Prods*., 01 C 7867, 2003 U.S. Dist. LEXIS 3867 * 3 (N.D. Ill. Mar. 13, 2003) (*citing* Fed. R. Civ. P. 37(a)(2), (a)(3)).

**A.  Interrogatory No. 6 (The FDCPA Class, First Set of Interrogatories)**

36.  Evasive responses to discovery are sanctionable as they are abusive. *Howard v. Sweetheart Cup Co*., 00 c 648, 2001 U.S. Dist. LEXIS 8682, at *6-7 (N.D. Ill. June 27, 2001).

37.  Mr. Rivera, person who verified Interrogatory no. 6, was produced as Defendant's produced Rule 30(b)(6) witness authorized by Defendant to testify to "defendant's response to plaintiff's discovery request[s] and investigation conducted in responding to plaintiff's discovery request[s]." (Exhibit 14) (Rivera Dep., Tr. 3-4, ln. 16-24, 1-4).

38.  Mr. Rivera's deposition reveals that he just signed the Interrogatory verification page responding to Interrogatory No. 6 which out any knowledge of what he was verifying was true.  The pertinent part of his deposition is as follows:

> Q.  In preparation for today's deposition, you never had a discussion with anyone about the potential number of accounts that would fit into plaintiffs' Fair Debt Collection Practices Act class?
>
> MR. VLAHAKIS:  Object to the form of the question.  Again the judge told us to hold off on class discovery. That topic was not discussed with Mr. Rivera and myself.
>
> THE WITNESS:  No.
>
> (Exhibit 14) (Rivera Dep., Tr. 129, ln. 9-18) * * *
>
> Q.  When you responded to the supplemental interrogatory 6, which bears a certification date of October 21st on the certificate of service, did you personally have any discussions with anybody at defendant or defendants' counsel regarding

these 1,109 accounts[2]?

MR. VLAHAKIS: Object to the form of the question. This is getting a little bit ridiculous. The interrogatory he verified has a different number on it as to what he has testified to what he knew. And what I gave you in an e-mail in fact, and then after the Court issued the order, you are playing slick. It's a little bit unseeming what you are trying to do here.

If you are asking us, would you like us to go and proceed in contrary to what the Court's instructions were and issue a verified answer to that, we can talk about that later, but right here asking him about these discussions is improper.

THE WITNESS: I don't know.

(Exhibit 14) (Rivera Dep., Tr. 131-32, ln. 17-24, 1-14).

39.     Defendant's counsel continued through the part of the deposition regarding why on October 21, 2011, Mr. Rivera's verified Interrogatory Response to No. 6, stated the number of messages left for the FDCPA class members, and not responded to the substance of the request asking for the number of persons. (Exhibit 14) (Rivera Dep., Tr. 133-35).

40.     Here Mr. Rivera's complete failure to respond to how many persons were in the FDCPA instead answering the number of messages left for those persons was completely evasive and worthy of sanctions.

41.     It should be obvious that Defendant is stonewalling Plaintiff's attempts to proceed on class certification by withholding numerosity information needed to prevail on that motion.

B.     **Interrogatory No. 1 (The TCPA Class, Second Set of Interrogatories)**

---

[2] The 1,109 accounts refer to the number of persons that could be in the FDCPA class as represented by Defendant's counsel in his October 13, 2011 email which is attached as Exhibit H.

42.     Rule 33(a)(1) does not define "discrete subpart." The Advisory Committee

Notes to the 1993 Amendments state:

> Each party is allowed to serve 25 interrogatories upon any other party, but must
> secure leave of court (or stipulation from the opposing party) to serve a larger
> number. Parties cannot evade this presumptive limitation through the device of
> joining as "subparts" questions that seek information about discrete separate
> subjects. However, a question asking about communications of a particular type
> should be treated as a single interrogatory [*3] even though it requests that the
> time, place, persons present, and contents be stated separately for each such
> communication.

*Jackson v. Alton & Southern Ry. Co.,* 07-807-GPM 2008 U.S. Dist. LEXIS

53310 * 2-3 (S.D. Ill. July 11, 2008) (*quoting* Rule 33(a)(1), The Advisory Committee

Notes to the 1993 Amendments).

43.     "'[A]n interrogatory containing subparts directed at eliciting details

concerning a common theme should be considered a single question,' whereas 'an

interrogatory with subparts inquiring into discrete areas is likely to be counted as more

than one for purposes of the limitation.'" *Jacks v. DirectSat USA, LLC,* 10 C 1707, 2011

U.S. Dist. LEXIS 9351 * 5-6 (N.D. Ill. Feb. 21, 2011) (*quoting* Wright & Miller, Federal

Practice and  Procedure, § 2168.1; *accord* CDW-Government, Inc., 2010 U.S. Dist.

LEXIS 49947, 2010 WL 2025363, at *1, *Portis v. City of Chi*., No. 02 C 3139, 2005 U.S.

Dist. LEXIS 7972, 2005 WL 991995, at *9 (N.D. Ill. April 15, 2005) (*quoting*

*Swackhammer v. Sprint Corp., PCS*, 225 F.R.D. 658, 664-65 (D. Kan. 2004)); *Bell v.*

*Woodward Governor Co.,* No. 03 C 50190, 2005 U.S. Dist. LEXIS 12969, 2005 WL

3829134, at *1 (N.D. Ill. June 30, 2005) ("interrogatory subparts are to be counted as one

interrogatory . . . if they are logically or factually subsumed within and necessarily

related to the primary question." (*quoting Kendall v. GES Exposition Servs., Inc*., 174

F.R.D. 684, 685 (D. Nev. 1997)).

44.    Whether an interrogatory's subpart is discrete and should be counted as a separate interrogatory, "This is an issue which should have been resolved by the parties without court intervention." *Jackson,* 2008 U.S. Dist. LEXIS 53310 at * 1.

45.    On September 29, 2011, based on Defendant's self-created subparts to Plaintiff's counsel inquired whether Defendant had any objection to the additional Interrogatories and if so to promptly notify him so that a motion could be made to the Court.  (Exhibit 4).

46.    On November 2, 2011, Plaintiff's counsel discussed on the record before this Court that this was an issue and that Plaintiff's counsel believed that Defendant's counsel was wrong and that the objection should be withdrawn.  Defendant has not withdrawn the objection and has now forced the Court to rule on the number of discrete Interrogatories propounded.

47.    Defendant's objection is without merit as Plaintiff's Interrogatories to which Defendant has self-created subparts are Interrogatories asking about a common theme.  Defendant, for example, in Interrogatory number 1 where Plaintiff has requested information under the common theme of Defendant's prerecorded voice message, has attempted to create five subparts by placing the numbers "**(1) . . . (2) . . . (3) . . . (4) . . . (5)**" into the Interrogatory where no such division was made by Plaintiff.  *Compare* Exhibit A to Exhibit 15, p. 9 (Plaintiff's First Set of Discovery)**.**

48.    Likewise in Interrogatory No. 9, Defendant self-created 7 subparts regarding the source of the telephone number its called and whether there was any communication with Plaintiff after it called her number.  Exhibit 1

**C.    Sanctions Are Appropriate**

49.     Rule 37(a)(5) permits the award of costs and attorney's fees for a party that is compelled into supplementing an Interrogatory.  Fed. R. Civ. P. 37(a)(5).

50.     Generally, the prevailing party in discovery disputes is entitled to attorney's fees and costs. *Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786-87 (7th Cir. 1994).

51.     Here sanctions are appropriate as Defendant has been evasive, purposefully failing to answer in a verified Interrogatory the number of persons in the FDCPA proposed class even though its counsel has provided an approximate number. Defendant has further stonewalled Plaintiff's attempt to obtain information regarding the potential size of the TCPA class.

## CONCLUSION

WHEREFORE, for the reasons above, Plaintiff requests this Honorable Court to enter an Order compelling Defendant to fully respond in a verified Interrogatory to Interrogatory No. 6 of the First Set of Interrogatories, and Interrogatory No. 1 of the Second Set of Interrogatories and to award appropriate sanctions of costs and attorney's fees for Defendant's deliberate stonewalling in the class discovery process.

Respectfully submitted,

s/ Curtis C. Warner
   Curtis C. Warner

Curtis C. Warner
WARNER LAW FIRM, LLC
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820  (TEL)
cwarner@warnerlawllc.com