# Exhibit A



**Curtis Warner**
<cwarner@warnerlawllc.com
>

08/25/2011 03:41 PM

To  <jvlahakis@hinshawlaw.com>

cc

bcc

Subject  Re: Rule 26 - Medical Recovery

History:          ⏪ This message has been forwarded.



I sent them by mail on Friday dropping them off in the mail box downstairs as I left for the day at 10:00 a.m. With my kids. Service was via mail only. My copy was buried in paperwork as I was working since 4:30 a.m. Friday morning. Unlike you I do not use my kids as an excuse of why I cannot do things on time or need extensions. Here is a .pdf I just scanned of my copy.

Please be advised that you will not get any more extensions from me nor will I agree to move any dates to accommodate your schedule. In this case you sniped at me writing in a motion before the Chief Judge that I was unprofessional and uncivil because even though I was in a educational class with my toddler you said I did not respond to your email asking if I would drop the motion for default fast enough. Now yesterday you asked me to move the hearing date (which I asked you first if you were available on that day before scheduling it and you said yes or that another attorney from your firm could cover it) on my pending motion to bar the lack of a protective order as an excuse to discovery production so you could take your kid to his first day of first grade. As soon as I said yes, then you promptly emailed me stating that the other matter you had up that day at the same time was canceled. So what you are telling me is that associate was free to go to the motion today, you knew it but decided to withhold that information to create more delay in this matter. I am tired of you not being able to keep both your personal life and professional like in order. I have two children under the age of 4, I work early mornings and late nights when needed to accommodate my litigation schedule, I am a solo unlike you who is a part of a 500 attorney law firm, I put my children first, I spend 3 days a week during business hours with my kids during the day taking and participating with them in their various classes, I spend the weekends with them, I take care of them after their grandma leaves in the early evening and am interacting with with them until their mother comes home which most nights is after 7:00 p.m. As such, I will not accept anymore excuses from you on why you cannot get your work/family life in order and need an extension of time. No more extensions.

When are you going to produce the documents to which there is no objection to ?

When are you available for a Rule 37 conference to discuss Defendant's lack of participation in discovery and the improper objections to discovery?

When can Defendant make available Rule 30(b)(6) deponents on the following subjects:
(1) Defendant's affirmative and other defenses;
(2) Defendant's decision to use the message or a similar message as described in the Complaint;
(3) Defendant's dialer system;
(4) Defendant's debt collection policies and procedures.

Please advise.


Regards,

Curtis Warner
- - - - - - - - - - - - - - - - - -
Curtis C. Warner  cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
312.238.9820 (TEL)
312.638.9139 (FAX)
www.warnerlawllc.com

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
**********************************************************************
********
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.


On 8/25/11 3:10 PM, "jvlahakis@hinshawlaw.com" <jvlahakis@hinshawlaw.com> wrote:


Sorry. I meant Pita Inn and Medical Recovery.

James C. Vlahakis
Hinshaw & Culbertson LLP
222 N. LaSalle Suite 300

Chicago IL 60601
312-704-3715
312-704-3001 Fax

-------- Original Message --------

From : Curtis Warner <cwarner@warnerlawllc.com>
To : <jvlahakis@hinshawlaw.com>
Cc :
Sent on : 08/25/2011 02:58:16 PM
Subject : Re: Rule 26

What Case?


Regards,

Curtis Warner
- - - - - - - - - - - - - - - - - -
Curtis C. Warner  cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
312.238.9820 (TEL)
312.638.9139 (FAX)
www.warnerlawllc.com <http://www.warnerlawllc.com>

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*****************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.


On 8/25/11 2:56 PM, "jvlahakis@hinshawlaw.com" <jvlahakis@hinshawlaw.com> wrote:

Curtis

Please send me your client's Rule 26 disclosures.

Thank you.

James C. Vlahakis
Hinshaw & Culbertson LLP
222 N. LaSalle Suite 300
Chicago IL 60601
312-704-3715
312-704-3001 Fax

Hinshaw & Culbertson LLP is an Illinois registered limited liability
partnership that has elected to be governed by the Illinois Uniform
Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely
for the addressee(s) named in this message. This communication is intended
to be and to remain confidential and may be subject to applicable
attorney/client and/or work product privileges. If you are not the intended
recipient of this message, or if this message has been addressed to you in
error, please immediately alert the sender by reply e-mail and then delete
this message and its attachments. Do not deliver, distribute or copy this
message and/or any attachments and if you are not the intended recipient,
do not disclose the contents or take any action in reliance upon the
information contained in this communication or any attachments.

 - 8.19 Tang v. MRSI 26a1.pdf

# Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LOIDY TANG, individually and on behalf of a class, | ) ) | |
| Plaintiff, | ) | |
| v. | ) | |
| Medical Recovery Specialists, LLC d/b/a | ) | No. 11-C-2109 |
| MRS d/b/a MRSI d/b/a Medical Recovery | ) | |
| Specialists, Inc., | ) | Judge Holderman |
| | ) | |
| Defendant. | ) | Magistrate Judge Schenkier |

## RESPONSE TO MOTION FOR DEFAULT

NOW COMES Defendant, Medical Recovery Specialists, LLC ("Defendant"), and in response to Plaintiff's Motion for Default states the following:

1.    After this Court denied Defendant's Motion to Dismiss, Defendant was required to answer the complaint by July 21, 2011. Dkt. 25.

2.    James C. Vlahakis of Hinshaw & Culbertson ("defense counsel") is the primary attorney assigned to the defense of this case. On July 18, 2011, defense counsel was assigned to assist in the defense of two consumer cases pending in Arizona District Court. *Stumpo v. Collecto, Inc.,* 11-cv-0214 and *Renfrow v. Collecto, Inc.,* 10-cv-674. Defense counsel was required investigate the case and draft answers to request to admit. Thereafter, he was required to answer requests to produce and complete written fact discovery on a short deadline in these two cases, one of which involves a class action. Additionally, defense counsel spent the week of July 18, 2011, preparing a response in opposition to class certification in a pending TCPA case in this district. Leading up to that, defense counsel was responding to another TCPA class action in a case which only recently settled. Finally, while not an exhaustive list of cases, defense counsel was also preparing for oral arguments in a motion to dismiss a case pending in the Southern District of New York on August 3, 2011. *Heathcote Holdings Corp., Inc. v. Maybelline LLC et al,* 11-cv-02349. Defense counsel has been required to work between 12 and 16 hours per day to

accomplish these professional obligations.  Coming on the heals of all this work, defense counsel

promised to take his 6 year old child on a trip to a local water park on the afternoon of July 29,

2011.

       3.      After reviewing Plaintiff's motion for default, defense counsel emailed  Plaintiff's

counsel at 11:15 p.m. and stated as follows:

> Curtis
>
> I saw you motion.  You were on my to-do list today in terms of asking leave to file an
> answer on Monday.  The reason I'm late is that I've been assigned two new cases that
> have discovery due dates today.  We inherited them from another firm.  I've been
> attending to other cases as well and did not intend to let this answer date pass.
>
> Could you agree to withdraw  your motion if I promise to file my answer on Monday?
> Normally I would push everything aside and file my answer but I promised my son
> several weeks ago that we'd have a father-son playdate at a local water park.  The last
> thing I want to do is go back on my word to my son and draft a response to your motion
> and prepare the answer today.  I'm running late at it is in getting the discovery completed
> in the other two cases.
>
> Thanks,
>
> James
>
> ***See Exhibit A.***

       4.      Plaintiff's counsel did not respond to defense counsel until 2:45 pm.  ***See***

***Exhibit B.***  Surprisingly, during this same time period, Plaintiff's counsel and defense counsel

exchanged numerous in an unrelated case.  ***See Exhibit C.***[1]  In almost all of the emails, defense

counsel identified the urgency of getting a response from Plaintiff to his proposal.  While

Plaintiff's counsel was free to accept or reject any proposal, it is unclear why it took him several

hours to respond.  Because defense counsel had not heard from Plaintiff's counsel, he cancelled

---

[1]    Ironically, Plaintiff's counsel claims he was too busy to respond, but even a cursory
review of the attached email suggests that Plaintiff's counsel spent far more time drafting the
Exhibit B and looking up webpages and events, than he would have incurred in emailing defense
counsel that he would not agree to withdraw his motion.  Apparently, working for a large firm
means that no extensions or common courtesies should be granted.

130131152v1 0922512 75799

his outing, and began work on a draft answer. Making a bad day worse, answer is incomplete as certain client contacts are unavailable until to comment.

5.    Had Plaintiff's counsel taken the position that no agreement would be reached as to the withdrawal of the pending motion between any one of the half dozen unrelated emails, defense counsel would have promptly informed his son that he would be engaged for the remainder of the afternoon with work rather than pushing back his arrival time at home.

6.    Defense counsel has been practicing before this Court since at least 1999 and respects deadlines but acknowledges that deadlines can be missed. Unfortunately, while defense has been unable to meet his answer deadline in this case, it is equally unfortunate that opposing counsel purposefully refused to respond to his reasonable proposal. While attorneys are respected for zealous advocacy, surely there is a time and place where most attorneys stop and wonder, "is it really worth it?" where they attempt to gain a competitive advantage in a case. Here, all defense asked for was the courtesy of a short extension on an answer, or alternatively, the courtesy of the rejection of said request – which would have enabled him to immediately inform his son that trip would have to wait for another day. Hopefully civility is not completely lost this generation of lawyers?

7.    No harm or prejudice will come from denying Plaintiff's Motion for Default.

8.    Accordingly, in the interests of justice, Defendant seeks leave of court to file its answer and affirmative defenses by August 5, 2011.

WHEREFORE, Defendant respectfully requests that this Honorable Court to issue deny Plaintiff's Motion for Default and grant Defendant until August 5, 2011, to file its answer and affirmative defenses.

By: s/James C. Vlahakis  
James C. Vlahakis  
Attorney for Defendant  
HINSHAW & CULBERTSON LLP

3

130131152v1 0922512 75799

222 North LaSalle, Suite 300
Chicago, IL 60601-1081
tel: 312-704-3000
jvlahakis@hinshawlaw.com

130131152v1  0922512  75799

## CERTIFICATE OF SERVICE

I hereby certify that on July 29 2011, I electronically filed the above document with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system.

Counsel for Defendant,

s/ James C. Vlahakis
James C. Vlahakis
ARDC No. 6230459
Hinshaw & Culbertson LLP
222 North LaSalle, Suite 300
Chicago, IL 60601
tel: 312-704-3000
fax: 312-704-3001
jvlahakis@hinshawlaw.com

.

130131152v1 0922512 75799

# Exhibit A



**James Vlahakis /HC01**
07/29/2011 11:51 AM

To  Curtis Warner <cwarner@warnerlawllc.com>

cc

bcc

Subject  Re: Tang v. Medical Recover

Curtis

I saw you motion.  You were on my to-do list today in terms of asking leave to file an answer on Monday. The reason I'm late is that I've been assigned two new cases that have discovery due dates today.  We inherited them from another firm.  I've been attending to other cases as well and did not intend to let this answer date pass.

Could you agree to withdraw your motion if I promise to file my answer on Monday?  Normally I would push everything aside and file my answer but I promised my son several weeks ago that we'd have a father-son playdate at a local water park.  The last thing I want to do is go back on my word to my son and draft a response to your motion and prepare the answer today.  I'm running late at it is in getting the discovery completed in the other two cases.

Thanks,

James

_____

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]

# Exhibit B



| | | | |
|---|---|---|---|
| **Curtis Warner** <cwarner@warnerlawllc.com > | | To | <jvlahakis@hinshawlaw.com> |
| | | cc | |
| | | bcc | |
| 07/29/2011 02:45 PM | | Subject | Re: Tang |

History: 🚩 This message has been replied to and forwarded.

Mr. Vlahakis,

As I stated in my email in Pita Inn, I have been up since 4:45 am working on a brief that needs to get filed today.   I did not mention that I am also working with co-counsel on a very important summary judgment response that is due August 2 and have been exchanging drafts with them thought the day.

In this case, Tang v. Medical Recovery, you and your partner David Schultz, who are partners in " a national law firm with approximately 500 lawyers in 24 offices" http://www.hinshawlaw.com/aboutus/ have ignored the Court's order.  Even if you claim to the Court you and Mr. Schultz and your firm's docketing department were ignorant of the Court's order that the answer was due on July 21, 2011, you an Mr. Schultz as experienced litigators in federal court must know that Rule 12(a)(4) required a responsive pleading 14 days after notice of the court denying the motion to dismiss.  Furthermore even though you have been on the defense side of a handful of cases in which I represent the plaintiff within less than one year, not following court orders on the time when defendant is required to respond has become a common practice for you and Mr. Schultz. E.g. *D.G. v. Collecto, Inc* ., 11 C 601, Doc. 32, Motion for Leave to File Reply, Instanter (N.D. Ill. May 20, 2011); *D.G. v. Diversified Adjustment Service, Inc.* , 11 C 2062, Doc. 19, Motion for Leave to File Reply, Instanter (N.D. Ill. May 20, 2011).  Likewise in this case you requested the Court for leave to file a reply to Plaintiff's motion to cite additional authority, which was granted, Doc. 24, but then you and Mr. Shultz did not timely respond, indeed did not file a response at all.

 Defendant's response is now over one week past the Court's date set and there is no justifiable excuse for that to have happened. Therefore, I decline to withdraw the motion for default.


Regards,

Curtis Warner
- - - - - - - - - - - - - - - - - -
Curtis C. Warner  cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
312.238.9820 (TEL)
312.638.9139 (FAX)
www.warnerlawllc.com

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to

waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*****************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

On 7/29/11 2:12 PM, "jvlahakis@hinshawlaw.com" <jvlahakis@hinshawlaw.com> wrote:

Please give me an answer on Tang vs. MRS, it will only take you a second to respond. Your apparent lack of communication on this issue will serve a exhibits to my response. I do not want to have ask the court to infer that you are taking some pleasure in not responding to me in Tang when you have the time to do so in Pita Inn.

-james

---

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Group Exhibit C



| | | |
|---|---|---|
| **James Vlahakis /HC01** | To | Curtis Warner <cwarner@warnerlawllc.com> |
| 07/29/2011 12:35 PM | cc | |
| | bcc | |
| | Subject | Fw: Tang v. Medical Recover |

Curtis:

I don't know if you're getting your message but I'm almost at the point of no return in terms of whether I need to cancel my playdate with my son.  Let me know asap either way.

Thanks.

James

_____

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]
—— Forwarded by James Vlahakis/HC01 on 07/29/2011 12:34 PM ——



| | | |
|---|---|---|
| **James Vlahakis /HC01** | To | Curtis Warner <cwarner@warnerlawllc.com> |
| 07/29/2011 11:51 AM | cc | |
| | Subject | Re: Tang v. Medical Recover |

Curtis

I saw you motion.  You were on my to-do list today in terms of asking leave to file an answer on Monday. The reason I'm late is that I've been assigned two new cases that have discovery due dates today.  We inherited them from another firm.  I've been attending to other cases as well and did not intend to let this answer date pass.

Could you agree to withdraw  your motion if I promise to file my answer on Monday?  Normally I would push everything aside and file my answer but I promised my son several weeks ago that we'd have a father-son playdate at a local water park.  The last thing I want to do is go back on my word to my son and draft a response to your motion and prepare the answer today.  I'm running late at it is in getting the discovery completed in the other two cases.

Thanks,

James

_____

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715



**James Vlahakis /HC01**
07/29/2011 01:09 PM

To  Curtis Warner <cwarner@warnerlawllc.com>

cc

bcc

Subject  Re: Pita Inn 📄

We need to talk about this soon. I have to leave soon as my prior email notes.

-jcv

_____

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]
Curtis Warner <cwarner@warnerlawllc.com>

**Curtis Warner**
<cwarner@warnerlawllc.com
>
07/29/2011 10:58 AM

To  "jvlahakis@hinshawlaw.com" <jvlahakis@hinshawlaw.com>

cc

Subject  Re: Pita Inn

Send me you proposed redline version and I will respond.

Sent from my iPhone
Curtis Warner

On Jul 29, 2011, at 10:37 AM, jvlahakis@hinshawlaw.com wrote:

> Curtis.
>
> I see that you deleted your discussion of the alleged "bribe" (your words, not mine). For the sake
> of completeness, I believe that we should identify all aspects of our settlement discussions, not
> just our individual offer.
>
> Let me know how you intend to handle this.
>
> -James
>
> _____
>
> James C. Vlahakis
> Hinshaw & Culbertson, LLP
> 222 N. LaSalle, Suite 300
> Chicago, IL 60601



**Curtis Warner**
**<cwarner@warnerlawllc .com>**

07/29/2011 01:21 PM

To  <jvlahakis@hinshawlaw.com>

cc

bcc

Subject  Re: Pita Inn

History:          ✍ This message has been replied to.

Please see my previous email. I will review your proposed redlined version and respond.


Regards,

Curtis Warner
- - - - - - - - - - - - - - - - - -
Curtis C. Warner  cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
312.238.9820 (TEL)
312.638.9139 (FAX)
www.warnerlawllc.com

```
The contents of this message may be privileged and confidential. Therefore, if this message has been
received in error, please delete it without reading it. Your receipt of this message is not intended to
waive any applicable privilege. Please do not disseminate this message without the permission of the
author.
********************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any
other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.
```



On 7/29/11 1:09 PM, "jvlahakis@hinshawlaw.com" <jvlahakis@hinshawlaw.com> wrote:


We need to talk about this soon. I have to leave soon as my prior email notes.

-jcv

_____

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]



**James Vlahakis** /HC01
07/29/2011 01:26 PM

To Curtis Warner <cwarner@warnerlawllc.com>

cc

bcc

Subject Re: Pita Inn

Please see my prior email. I think we should stick with the last version which contained all of our statements regarding the settlement discussions.

I've called several times to discuss this.

---

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]
Curtis Warner <cwarner@warnerlawllc.com>



**Curtis Warner**
<cwarner@warnerlawllc.com
>
07/29/2011 01:21 PM

To <jvlahakis@hinshawlaw.com>

cc

Subject Re: Pita Inn

Please see my previous email. I will review your proposed redlined version and respond.


Regards,

Curtis Warner

- - - - - - - - - - - - - - - - - -

Curtis C. Warner  cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
312.238.9820 (TEL)
312.638.9139 (FAX)
www.warnerlawllc.com

The contents of this message may be privileged and confidential. Therefore, if this message has been
received in error, please delete it without reading it. Your receipt of this message is not intended to
waive any applicable privilege. Please do not disseminate this message without the permission of the
author.
*****************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any
other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

On 7/29/11 1:09 PM, "jvlahakis@hinshawlaw.com" <jvlahakis@hinshawlaw.com> wrote:

> We need to talk about this soon. I have to leave soon as my prior email notes.
>
> -jcv
> _____
>
> James C. Vlahakis
> Hinshaw & Culbertson, LLP
> 222 N. LaSalle, Suite 300
> Chicago, IL 60601
> 312-704-3715
> 312-704-3001 [fax]
>
> **Curtis Warner <cwarner@warnerlawllc.com>** 07/29/2011 10:58 AM
>
> To
>
> "jvlahakis@hinshawlaw.com" <jvlahakis@hinshawlaw.com>
>
> cc
> Subject
>
> Re: Pita Inn

**Send me you proposed redline version and I will respond.**

**Sent from my iPhone**
**Curtis Warner**


**On Jul 29, 2011, at 10:37 AM, jvlahakis@hinshawlaw.com <**
**mailto:jvlahakis@hinshawlaw.com> wrote:**

Curtis.



| | | | |
|---|---|---|---|
| **James Vlahakis /HC01** | To | Curtis Warner <cwarner@warnerlawllc.com> | |
| 07/29/2011 01:27 PM | cc | | |
| | bcc | | |
| | Subject | Re: Pita Inn | |

Also, what's your position on me filing my answer on monday and you with drawing your motion Tang?

---

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]
Curtis Warner <cwarner@warnerlawllc.com>



| | | | |
|---|---|---|---|
| **Curtis Warner** <cwarner@warnerlawllc.com> | To | <jvlahakis@hinshawlaw.com> | |
| 07/29/2011 01:21 PM | cc | | |
| | Subject | Re: Pita Inn | |

Please see my previous email. I will review your proposed redlined version and respond.

Regards,

Curtis Warner

- - - - - - - - - - - - - - - - - -

Curtis C. Warner cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
312.238.9820 (TEL)
312.638.9139 (FAX)
www.warnerlawllc.com

The contents of this message may be privileged and confidential. Therefore, if this message has been
received in error, please delete it without reading it. Your receipt of this message is not intended to
waive any applicable privilege. Please do not disseminate this message without the permission of the
author.
*************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any
other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.



| | | | |
|---|---|---|---|
| **Curtis Warner**<br><cwarner@warnerlawllc.com><br><br>07/29/2011 01:30 PM | To | <jvlahakis@hinshawlaw.com> | |
| | cc | | |
| | bcc | | |
| | Subject | Re: Pita Inn | |

**History:**  📧 This message has been replied to.

I disagree with your proposal.

You could set forth Defendant's position and then I will add Plaintiff's position.

I look forward to any other proposal you may have or your revised redline version of the proposed joint status report


Regards,

Curtis Warner
- - - - - - - - - - - - - - - - - - -
Curtis C. Warner  cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
312.238.9820 (TEL)
312.638.9139 (FAX)
www.warnerlawllc.com

The contents of this message may be privileged and confidential. Therefore, if this message has been
received in error, please delete it without reading it. Your receipt of this message is not intended to
waive any applicable privilege. Please do not disseminate this message without the permission of the
author.
*************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any
other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.


On 7/29/11 1:26 PM, "jvlahakis@hinshawlaw.com" <jvlahakis@hinshawlaw.com> wrote:


Please see my prior email. I think we should stick with the last version which contained all of
our statements regarding the settlement discussions.

I've called several times to discuss this.

_____

James C. Vlahakis



**James Vlahakis /HC01**
07/29/2011 01:48 PM

To  Curtis Warner <cwarner@warnerlawllc.com>
cc
bcc
Subject  Re: Pita Inn

please call me.

_____

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]
Curtis Warner <cwarner@warnerlawllc.com>



**Curtis Warner**
<cwarner@warnerlawllc.com
>
07/29/2011 01:30 PM

To  <jvlahakis@hinshawlaw.com>
cc
Subject  Re: Pita Inn

I disagree with your proposal.

You could set forth Defendant's position and then I will add Plaintiff's position.

I look forward to any other proposal you may have or your revised redline version of the proposed joint status report

Regards,

Curtis Warner
- - - - - - - - - - - - - - - - - -
Curtis C. Warner  cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
312.238.9820 (TEL)
312.638.9139 (FAX)
www.warnerlawllc.com

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.



**Curtis Warner**
**<cwarner@warnerlawllc.com>**

07/29/2011 01:51 PM

To   <jvlahakis@hinshawlaw.com>

cc

bcc

Subject  Re: Pita Inn

Drafts are not final.  Please send me your proposed revisions to the last proposed draft I sent you.


Regards,

Curtis Warner
- - - - - - - - - - - - - - - - - -
Curtis C. Warner  cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
312.238.9820 (TEL)
312.638.9139 (FAX)
www.warnerlawllc.com

The contents of this message may be privileged and confidential. Therefore, if this message has been
received in error, please delete it without reading it. Your receipt of this message is not intended to
waive any applicable privilege. Please do not disseminate this message without the permission of the
author.
************************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any
other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

On 7/29/11 1:47 PM, "jvlahakis@hinshawlaw.com" <jvlahakis@hinshawlaw.com> wrote:


I'm sorry, we already set forth our positions in an earlier draft?

I am about to lose my window or opportunity to be with my child going back and forth over this.


I would hope that you would understand that I would never stand in the way of you spending
time with your child

_____

James C. Vlahakis
Hinshaw & Culbertson, LLP



**James Vlahakis /HC01**
07/29/2011 02:12 PM

To Curtis Warner <cwarner@warnerlawllc.com>

cc

bcc

Subject Tang

Please give me an answer on Tang vs. MRS, it will only take you a second to respond. Your apparent lack of communication on this issue will serve a exhibits to my response. I do not want to have ask the court to infer that you are taking some pleasure in not responding to me in Tang when you have the time to do so in Pita Inn.

-james

_____

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]



**James Vlahakis /HC01**
07/29/2011 01:56 PM

To  Curtis Warner <cwarner@warnerlawllc.com>
cc
bcc
Subject  Re: Pita Inn

What about my request for the agreement re Tang.

Please don't let me lose the rest of the day with my song.

---

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]
Curtis Warner <cwarner@warnerlawllc.com>



**Curtis Warner
<cwarner@warnerlawllc.com
>**
07/29/2011 01:53 PM

To  <jvlahakis@hinshawlaw.com>
cc
Subject  Re: Pita Inn

Sorry I do not have time as I need to get a brief on file today and I have been up since 4:45 a.m.
Working on it.

Again please send me your draft proposal and I will revise it. I believe that will be more productive.


Regards,

Curtis Warner

- - - - - - - - - - - - - - - - - -
Curtis C. Warner  cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
312.238.9820 (TEL)
312.638.9139 (FAX)
www.warnerlawllc.com

The contents of this message may be privileged and confidential. Therefore, if this message has been
received in error, please delete it without reading it. Your receipt of this message is not intended to
waive any applicable privilege. Please do not disseminate this message without the permission of the
author.
****************************************************************************

# Exhibit C

# Exhibit D



James Vlahakis /HC01
07/29/2011 02:53 PM

To Curtis Warner <cwarner@warnerlawllc.com>
cc
bcc
Subject Re: Tang

| Who | Date | Time | Subject |
|---|---|---|---|
| Curtis Warner | 07/22/2011 | 09:23 AM | Pita Inn |
| Curtis Warner | 07/27/2011 | 04:34 PM | Re: Pita Inn |
| Curtis Warner | 07/27/2011 | 05:06 PM | Re: Pita Inn |
| Curtis Warner | 07/27/2011 | 05:09 PM | Re: Pita Inn |

Thanks for the response, I guess profession courtesy does not exist with you. As I have previously explained, I have had other deadlines to deal with an my wife and I have been juggling child care while my nanny was attending to a family crisis.

How is it that you saw fit to respond to Tang v. Pita Inn and not my first email on this issue?

What you fail to understand it that simply because Hinshaw has hundreds of lawyers does not mean that they are not as busy as you or I am.

For the record, I will retain my professionalism and grant you courtesies in the future. I doubt that other attorneys from other firms will do the same to you if this is how you conduct yourself.

Again, I'm very disappointed that you've chose to take a remote potential tactical victory to trump another father's chance to spend a rare afternoon with his son. I really hope that sinks into you some day when another attorney takes the same position with you. Life is too short for this kind to approach.

-James

---

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]
Curtis Warner <cwarner@warnerlawllc.com>



Curtis Warner
<cwarner@warnerlawllc.com
>
07/29/2011 02:45 PM

To <jvlahakis@hinshawlaw.com>
cc
Subject Re: Tang

Mr. Vlahakis,

As I stated in my email in Pita Inn, I have been up since 4:45 am working on a brief that needs to get filed today.  I did not mention that I am also working with co-counsel on a very important summary judgment response that is due August 2 and have been exchanging drafts with them thought the day.

In this case, Tang v. Medical Recovery, you and your partner David Schultz, who are partners in " a national law firm with approximately 500 lawyers in 24 offices" http://www.hinshawlaw.com/aboutus/ have ignored the Court's order.  Even if you claim to the Court you and Mr. Schultz and your firm's docketing department were ignorant of the Court's order that the answer was due on July 21, 2011, you an Mr. Schultz as experienced litigators in federal court must know that Rule 12(a)(4) required a responsive pleading 14 days after notice of the court denying the motion to dismiss.  Furthermore even though you have been on the defense side of a handful of cases in which I represent the plaintiff within less than one year, not following court orders on the time when defendant is required to respond has become a common practice for you and Mr. Schultz.  E.g. *D.G. v. Collecto, Inc* ., 11 C 601, Doc. 32, Motion for Leave to File Reply, Instanter (N.D. Ill. May 20, 2011); *D.G. v. Diversified Adjustment Service, Inc.* , 11 C 2062, Doc. 19, Motion for Leave to File Reply, Instanter (N.D. Ill. May 20, 2011).  Likewise in this case you requested the Court for leave to file a reply to Plaintiff's motion to cite additional authority, which was granted, Doc. 24, but then you and Mr. Shultz did not timely respond, indeed did not file a response at all.

 Defendant's response is now over one week past the Court's date set and there is no justifiable excuse for that to have happened. Therefore, I decline to withdraw the motion for default.

Regards,

Curtis Warner

- - - - - - - - - - - - - - - - - -

Curtis C. Warner  cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
312.238.9820 (TEL)
312.638.9139 (FAX)
www.warnerlawllc.com

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
**************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

On 7/29/11 2:12 PM, "jvlahakis@hinshawlaw.com" <jvlahakis@hinshawlaw.com> wrote:

> Please give me an answer on Tang vs. MRS, it will only take you a second to respond.  Your apparent lack of communication on this issue will serve a exhibits to my response. I do not want to have ask the court to infer that you are taking some pleasure in not responding to me in Tang when you have the time to do so in Pita Inn.
>
> -james
>
> ─────────────
>
> James C. Vlahakis
> Hinshaw & Culbertson, LLP
> 222 N. LaSalle, Suite 300
> Chicago, IL 60601
> 312-704-3715
> 312-704-3001 [fax]
>
> Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).
>
> The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.



**Curtis Warner**
<cwarner@warnerlawllc.com
>

12/06/2011 04:00 PM

To  James Vlahakis <jvlahakis@hinshawlaw.com>

cc

bcc

Subject  Tang v. Pita Inn

| Who | Date | Time | Subject |
|-----|------|------|---------|
| Curtis Warner | 12/06/2011 | 04:00 PM | Tang v. Pita Inn |

Mr. Vlahakis,

Attached please find the first complete set of the proposed settlement documents in this matter. Having witnessed the amazing speed in which you can research and write a lengthy reply memorandum in around 4 hours as you demonstrated in Siegel, I have no doubt that we will be able to finalize the agreement, documents, and motion, and have it on file well before the time required by the Court prior to the preliminary approval date.

As such, I look forward to a prompt response of any proposed revisions.


Regards,

Curtis Warner
- - - - - - - - - - - - - - - - - -
Curtis C. Warner  cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
312.238.9820 (TEL)
312.638.9139 (FAX)
www.warnerlawllc.com

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*********************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

   

EX 1 JOINT MOTION.docx  Ex 0 - Appx 1 Settlement Agreement Recitals.doc  Ex 1 Summary Notice.doc  Ex 2 Claim Form.doc

  

Ex 3 Full Notice.docx   Ex 4 Preliminary Approval Order.docx   Ex 5 Final Approval.doc

# Exhibit E

## Hinshaw & Culbertson LLP
### 222 N. LaSalle, Suite 300
### Chicago, IL 60601
### 312-704-3715
### jvlahakis@hinshawlaw.com

### Age: 38
### Law School: Loyola University Chicago School of Law
### Practice Areas: Civil Rights Defense, Hospitality Law, Employment Law, and Class Actions

James Vlahakis, an attorney with Chicago's Hinshaw & Culbertson LLP, has earned a reputation as a tough and successful civil rights attorney. At the same time, he is known for his professionalism and friendliness, even in the hardest fought cases.

Dr. Shan Jumper, a long-term client, discussed Vlahakis' work in Hargett v. Adams, what Jumper described as a "landmark decision" involving civilly committed individuals. In praising Vlahakis' defense of this class action, Dr. Jumper highlighted Vlahakis' "ability to quickly grasp the intricacies of mental health treatment" as "phenomenal." According to Dr. Jumper, "James' passion for the law is infectious and contributes to his success as an attorney in many ways." Attorney Daniel Dyslin also praised Vlahakis' work in the Hargett case, which Dyslin said involved "years of earth scorching discovery."

"Particularly impressive is James' ability to maintain, what I can only describe as, confident control over the litigation. Never daunted by the odds, it is in the face of greatest adversity that James rallies the strongest. He is rock solid in his representation and is well-respected amongst his colleagues."

Tod Mammuth, in-house counsel with one of Hinshaw's long-time clients, pointed a successful appeal in the Seventh Circuit, Sain v. Wood, where Vlahakis obtained the reversal of a district court's denial of the defense of qualified immunity. Mammuth said that the victory was significant because it was the first time that a non-governmental employee successfully asserted qualified immunity in the Seventh Circuit following a Supreme Court decision which had rejected the defense.

Andrew Acker, of Kubiesa Spiroff Gosselar Acker, co-counseled with Vlahakis on a police pursuit case: "What has impressed me the most is Mr. Vlahakis' ability to discover obscure cases that have allowed our clients to bridge the gap between two competing immunity provisions or to close the door on a plaintiff's



attempt to negate a specific immunity provision."

Even those who have opposed Vlahakis are quick to offer praise.

Barry Alberts, an attorney with Schiff Hardin, said that Vlahakis earned his admiration because during the times they opposed each other in court, Vlahakis had always remained polite, thoughtful and collegial, no matter how heated the proceedings were.

"James Vlahakis exemplifies the characteristics that remind us, and the public, of who we are and what we stand for as lawyers," Alberts said. "No doubt, he is destined for great accomplishments professionally in the years to come."

Jon Loevy, from Chicago's Loevy & Loevy, served as opposing counsel to Vlahakis in a case litigated between the City of Chicago and Loevy's office. The case, centering on highly publicized police torture cases, involved nearly a dozen law firms.

"What impressed me most about Mr. Vlahakis was that he was always able to maintain professionalism and even temperament no matter how 'hot' the proceedings," Loevy said. "This was a case where passions and emotions ran high, but Mr. Vlahakis was invariably able to maintain a professional tone. His presence was invaluable in ensuring the case did not blow up from the sheer pressure of it all."

Patrick Ouimet, of Sarles & Ouimet, opposed Vlahakis in a wrongful death case, offered the following comments: "Mr. Vlahakis was tenacious in strategy, well-versed in law, and gracious and professional to all other counsel and witnesses. In short, Mr. Vlahakis was, and still is, a lawyer's lawyer." ✱

# Exhibit F



James Vlahakis /HC01          To  cwarner@warnerlawllc.com
10/12/2011 01:56 PM          cc

                             bcc

                         Subject  MRSI

| Who: | Date | Time | Subject |
|---|---|---|---|
| ✉ cwarner | 🔁 10/12/2011 | 01:56 PM | MRSI |

Curtis,

You asked us the following questions last week - see our answers below:

> Also I am available to discuss whether or not Defendant can provide me the following
> information regarding persons who its autodialer called:
>
> (1) The name of those persons whose collection notes show that the number was a wrong or
> bad number;
> (2) The cell phone number that was called by the autodialer corresponding to the person
> identified in (1) above; and
> (3) The date range when from when the first autodialed call was made to the date the last
> autodialed call was made.

**Answers**

1.       As I now understand your question from our discussion today, you asking for the name of the
debtor that Defendant was attempting to call.  That being the case, Defendant can obtain the names of
persons that were called where its collection notes reflect a reported wrong number.  As I explained,
Defendant cannot necessarily identify whether the call it made was to a cell phone at the time the call was
placed or whether the wrong number report related to a home/work number.  Also, Defendant cannot
agree that the number was in fact a wrong number.
2.       As noted above, Defendant cannot identify whether the call it made was to a cell phone at the time
the call was placed.  Please note that Defendant does not concede that an autodialer was used.
3.       As I now understand your question from our discussion today, without conceding that an
autodialer was used, you are asking us to identify the start and end date before the number was reported
as a so-called wrong number.  I will look into this with our IT person.  Don't hold me to this, but I think we
should be able to identify the dates.

Note, however, that I can't guarantee that Defendant will agree to produce the records to you absent a
court order.

Let's circle back before we appear before Judge Holderman to allow me to report back on item 3.  In the
meantime, I will work on getting net worth by Friday and any other documents to you ASAP.

-James

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]