**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LOIDY TANG, individually and on behalf of a class, | ) ) ) | 11 C 2109 |
| Plaintiff, | ) ) ) | Chief Judge Holderman |
| v. | ) ) ) | Magistrate Schenkier |
| MEDICAL RECOVERY SPECIALISTS, LLC, d/b/a MRS, d/b/a MRSI and d/b/a MEDICAL RECOVERY SPECIALISTS, INC., | ) ) ) ) | |
| Defendant. | ) | |

**CLASS SETTLEMENT AGREEMENT RECITALS**

**1. Parties.** This Class Settlement Agreement ("Settlement Agreement") is entered into between Plaintiff Loidy Tang ("Plaintiff" or "Class Representative"), on behalf of herself and each of the Class Members as defined herein and Medical Recovery Specialists, LLC, d/b/a MRSI and d/b/a Medical Recovery Specialists, Inc, as well as its associated businesses, including their insureds, agents, principals, partners, managers and joint ventures, and each of their employees, representatives, attorneys, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, affiliates, heirs, assigns, and predecessor and successors in interest ("Defendant" or "Medical Recovery"). Plaintiff and Defendant are collectively referenced as the "Parties."

**2. Nature of the Litigation Relevant to this Agreement.** Plaintiff filed the above Lawsuit, as amended, on behalf of herself and a Class in the United States District Court for the Northern District of Illinois, Eastern Division (the "Lawsuit"), against Defendant alleging, in pertinent part as to this Agreement, violations of the Fair Debt Collection Practices Act ("FDCPA"). Specifically, Plaintiff claims that Defendant's form prerecorded voice message that only informed the recipient that the message was from "MRS" violated 15 U.S.C. §§ 1692d(6) and (e)(14) ("FDCPA claim"). Plaintiff sought to recover statutory damages in an amount of up to $1,000 for herself and in an amount of $500,000 or 1% of Defendant's net worth, whichever amount is lesser, in total for the class defined in the amended class definition. Plaintiff did not seek any actual damages for herself or for the Class. Defendant denies that it violated the FDCPA and it denies that Plaintiff and the Class Members are entitled to any damages. Defendant denies that a class should be certified under the Federal Rules of Civil Procedure. This Settlement Agreement does not cover, and has no impact upon, any claim Plaintiff and the proposed class in Count I of the Amended Complaint may have against Defendant pursuant to the Telephone Communication Protection Act ("TCPA") (all such potential claims

hereinafter referred to as "TCPA claims"). Nor does this Settlement Agreement prejudice or affect Defendant's rights and defenses with respect to TCPA claims.

**3. Certification of Class for Settlement Purposes.** The Parties agree to request the Court to certify a class for settlement purposes only (the "Class") consisting of:

> All natural persons with a telephone number corresponding to the 773 area code that was called by Defendant on a date from March 25, 2010 to March 25, 2011, where Defendant left a prerecorded message in the form of the message Plaintiff received.

The subject form prerecorded message used by Defendant is as follows:

> This is an important message for [electronically generated name]. If this is not [electronically generated name] please hang up or delete this message. If this is [electronically generated name] please remain on the line. There will now be a three second pause. By continuing to listen to this message you acknowledge that your are [electronically generated name]. This is MRS calling on behalf of our client concerning you outstanding balance in an attempt to collect a debt and any information obtained will be used for that purpose. To pay this outstanding balance by Visa, Master Card or Check please use our auto-payment system by following the prompt provided. Should you have any questions and or concerns please call us at, toll-free at [877-263-6752]. When calling please reference MRS file number [electronically generated file number]. Again the number to call is toll-free at [877-263-6752] Please reference MRS file number [electronically generated file number]. Good bye.

Defendant estimates that there are approximately 56,182 persons in the settlement class ("Class Members" or "Class").

**4. Class Counsel.** In this Settlement Agreement, "Class Counsel" shall refer to Warner Law Firm, LLC and Mounce Law, LLC. Defendant will not oppose the appointment of Curtis C. Warner of Warner Law Firm, LLC and John P. Mounce of Mounce Law, LLC, as Class Counsel, or Plaintiff as the Class Representative.

**5. Risks to Plaintiff and the Class Members.** Plaintiff has not sought individually or on behalf of a class any actual damages resulting from Defendant's alleged conduct. After considering the benefits that the Class will receive under this Settlement Agreement, the fact that Defendant has (a) opposed the claims asserted in the Lawsuit filing a motion to dismiss which was denied but the issue has been preserved for appeal, (b) objected to class based discovery and (c) will vigorously oppose class certification, and the attendant risks, uncertainties and delays of litigation, Plaintiff and Class Counsel have concluded that it is fair, equitable and in the best interests of Plaintiff and the Class to resolve the Lawsuit upon the terms and conditions provided for in this Settlement Agreement.

**6. This Matter was Settled Through Arm's-Length Negotiations.** The parties submit

that the settlement amounts below are a fair and reasonable settlement and were agreed to through arm's-length negotiations.

**7. Risks to Defendant.** Defendant has vigorously denied and continues to deny: (1) all liability with respect to any and all of the facts or claims alleged in the Lawsuit; (2) that it engaged in any wrongdoing; (3) that it acted improperly in any way; (4) any liability to Plaintiff and/or any Class Member in the Lawusit. Defendant opposed Plaintiff's Complaint filing a motion to dismiss and will oppose the filed class certification motion. Defendant nevertheless desires to settle the Lawsuit on the terms and conditions set forth in this Settlement Agreement solely for the purpose of avoiding the burden, expense, risk, and uncertainty of continuing the Lawsuit, and for the purpose of putting to rest the FDCPA controversy between the Parties.

**8. Liability.** As to the FDCPA claim that is being settled by this Agreement, Defendant continues to deny that it has committed any wrongdoing as alleged by the Plaintiff. In no event is this Settlement Agreement to be construed as, or is to be deemed evidence of, an admission or concession on the part of Defendant with respect to: (1) the FDCPA claim by Plaintiff and the Class; (2) any fault, liability, wrongdoing or damage; (3) the merits of any defenses that Defendant has asserted; or (4) the propriety of certification of the Class if the Lawsuit was to be litigated rather than settled.

**TERMS**

**9. Effective Date.** This Settlement Agreement shall become effective (hereinafter the "Effective Date") upon the expiration of 35 (thirty-five) days after the date upon which the entry of Court's final order, judgment, or decree approving this Settlement Agreement as fair, reasonable and adequate to the Class, thereby rendering the final approval order as being a final and non-appealable order, or if an appeal has been sought, the expiration of 5 (five) days after the disposition of any such appeal from any such final order, judgment and decree, which disposition approves the Court's final order, judgment and decree, and allows for consummation of the Settlement in accordance with the terms and provisions of this Settlement Agreement.

**10. Economic Relief.**
    **(a).** Defendant shall establish a "common fund" of $86,000 which will cover the maximum of $40,000 in claims that can be made by the class members at a maximum of $100 per claim (pro rata) and a projected $46,000 in costs related to notice and administration/payment of claim forms. In addition to the reversion of funds identified in paragraph (d), if any of the $46,000 in funds set aside for the notice and administration/payment of claim forms are not unused, any such funds would revert to Defendant. Settlement Checks shall expire and be void if not cashed, or if they are undeliverable, within forty-five (45) days of the date of issue (the "Void Date"). The costs of notice shall be paid by Defendant in the manner and time set forth in Section 11(a). The parties agree that common fund exceeds 1% of Defendant's net worth.
    **(b).** Pay as attorney's fees and costs in the amount of 25% of the common fund ($21,500) to be paid in addition and separately of the common fund. Defendant shall not

oppose the payment of this amount of attorney's fees and costs. The amount of attorney's fees and costs are subject to court approval. This fee award will not be reduced to the extent the costs of notice, administration and payment of claims is lower than estimated."

**(c).** Separate from the Class Settlement Fund, Defendant shall pay Plaintiff $1,000 (one thousand dollars) as her maximum statutory damages under the FDCPA for her FDCPA claim. Defendant shall not oppose the payment of this amount. The amount of Plaintiff's award is subject to Court approval.

**(d).** Any monies not claimed by the class members of the $40,000 will be distributed on the following basis: (1) 1/3 cy pres distribution to Ann & Robert H. Lurie Children's Hospital of Chicago formerly known as Children's Memorial, 1/3 cy pres distribution to Atia's Project Ladybug (Helping Children with Cancer and their families at Comer Lying In Hospital); and 1/3 will revert to Defendant. The parties that counsel for the parties will jointly sign enclosure letters for the cy pres distributions.

**11. Releases.** The releases below are conditioned upon the approval of the Agreement by the Court and Defendant meeting its obligations herein. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

**(a).** <u>Plaintiff.</u> In accordance with the provisions of the Final Approval Order defined in Section 18 below, for good and sufficient consideration, upon the Effective Date, Plaintiff shall be deemed to have, and by operation of the Final Approval Order defined in Section 18 below shall have, fully, finally and forever released, relinquished and discharged any and all claims under the FDCPA alleged in the Complaint as Amended and, with the exception of TCPA claims, releases all other claims, demands, rights, liabilities and causes of action of every nature and description whatsoever including, without limitation, statutory, constitutional, contractual, equitable or common law claims, whether known or unknown, whether or not concealed or hidden, against Defendant and its associated businesses, including insureds, agents, principals, partners, joint ventures, employees, representatives, attorneys, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, affiliates, heirs, assigns, and predecessor and successors in interest, and Rush Oak Park Hospital ER Physicians (collectively "Released Parties") that accrued at any time on or prior to the date the Court grants preliminary approval of the Settlement. Plaintiff's release of Rush Oak Park Hospital ER Physicians is limited to collection activity conducted by Defendant and in now way releases Rush Oak Park Hospital ER Physicians from its own collection activity or the collection activity of any other debt collectors employed by Rush Oak Park Hospital ER Physicians. With the exception of TCPA claim, which is subject to a separate release, the above-described claims shall be released regardless of the type of relief demanded, including, without limitation, damages, unpaid costs, penalties, liquidated damages, statutory damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief (collectively, "Released Claims").

**(b)** <u>Class Members</u>. In accordance with the provisions of the Final Approval Order defined in Section 18 below, for good and sufficient consideration, upon the

Effective Date, each member of the Settlement Class releases and discharges the Released Parties of the claims made in Count II under the FDCPA and liability under those set of facts alleged, including all claims under the FDCPA for the payment of attorney's fees and costs relating to the use of a prerecorded message that identified Defendant only as MRS. It is expressly stated and acknowledged that each and every class member is not releasing any claim under the TCPA, including any right to attorney's fees and costs. It is further expressly stated and acknowledged that each and every class member is not releasing Rush Oak Park Hospital ER Physicians from its own collection activity or the collection activity of any other debt collectors employed by Rush Oak Park Hospital ER Physicians.

**12. Payment of Notice and Administration Costs and the Distribution of the Settlement Amounts.**
    **(a). Notice Costs and Administration Costs.** Within 14 (fourteen) days after the Court Granting Preliminary Approval of the Class Action Settlement, Defendant shall pay for the costs associated with the printing and mailing of the notice to the class members approved by the Court and any amounts otherwise required by the Class Administrator for notice and administration of the settlement.
    **(b). Distribution After the Effective Date.**
        **(1)** Within 14 (fourteen) days following the Effective Date, Defendant shall: **(i)** cause checks to be sent to each class member who submitted a claim ("Claimant") for their *pro rata* share of the $40,000 set aside to pay class members, up to $100; and **(ii)** send Plaintiff's counsel a check in the total amount of $22,500 (twenty-two thousand five hundred dollars) representing the amounts agreed to in paragraph 10 sections (a) as to attorney's fees and costs and (c) Plaintiff's settlement proceeds, above. Payment shall be made to "Warner Law Firm, LLC - IOLTA" and shall be sent to the Warner Law Firm, LLC via next day delivery with either FedEx or UPS, or may be sent by a bonded messenger.
        **(2)** Within 28 (twenty-eight) days from the Void Date, Defendant is to cause the distribution of the *cy pres* awards and its reversion. Defendant is to file a certificate of service with the Court of the distribution of the *cy pres* awards within 7 (seven) days of the date the awards are distributed.

**13. Notice.** Notice substantially in the form of **Exhibit A** shall be sent by First Class Mail (in the form of a letter or postcard) to the last known address of the Class Members According to Defendant's records. Within 28 (twenty-eight) days after the date on which the Preliminary Approval Order is entered by the Court, Defendant shall cause the notice to be sent to each Class Member. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause to be forwarded any such returned notice to the address provided. Neither the Class Administrator, Defendant, nor Plaintiff is required to skip trace any letters that are returned as undeliverable.

**14. Exclusions From And Objections To Settlement.**
    **(a) Opt-Out Date** The "Opt-Out Date" will be 73 (seventy-three) days from the entry of the Preliminary Approval Order.

**(b) Requests for Exclusions** The "Requests for Exclusions Date" will be 73 (seventy-three) days from the entry of the Preliminary Approval Order. Each Class Member who wishes to be excluded from the Settlement must mail or otherwise deliver to the Administrator, or counsel for the Parties, or the Court, an appropriate written request for exclusion, including his or her name, address, that is personally signed by the Class Member or his or her attorney, which request must be postmarked on or before the Opt-Out Date and actually received by counsel for the Parties not later than five (5) business days after the Opt-Out Date. No Class Member, or any person acting on behalf of or in concert or in participation with that Class Member, may request exclusion of any other Class Member from the Class. The original requests for exclusion shall be filed with the Court not later than fourteen (14) days after the Opt-Out Date. Copies of requests for exclusion will be exchanged with Class Counsel and counsel for Defendant not later than five (5) business days after the Opt-Out Date. If this Settlement Agreement is approved, any and all persons within the Class who have not submitted a timely, valid and proper written request for exclusion from the Settlement, will be bound by the releases and other terms and conditions set forth herein and all proceedings, orders and judgments in the Lawsuit.

**(c) Objections to Settlement** The "Objection to Settlement Date" will be 73 (seventy-three) days from the entry of the Preliminary Approval Order. Any Class Member who has not filed a timely, valid, and proper written request for exclusion and who wishes to object to the fairness, reasonableness or adequacy of this Settlement Agreement or the Settlement, or to any award of attorneys' fees and costs, must serve upon Class Counsel and counsel for Defendant by mail, e-mail, hand or by facsimile transmission and file with the Court no later than 75 (seventy-five) days after the entry of the Preliminary Approval Order or as the Court may otherwise direct, a written statement, signed by him or her, or his or her duly authorized agent, including the Class Member's name and address and setting forth his or her objection(s), as well as the specific reason(s), if any, for each objection, including any legal support the Class Member wishes to bring to the Court's attention and a description of any evidence the Class Member wishes to introduce in support of the objection(s). Class Members may so object either on their own or through an attorney hired at their own expense who files an appearance on their behalf.

**15. Administration of the Settlement.** Defendant shall administrate or cause to be administrated the Settlement at its expense separate from the Class Settlement Fund, including the amount for attorney's fees and costs, and Plaintiff's award, provided for in Paragraph 10(a) and (c) above. Defendant shall provide Plaintiff's counsel the name, address and telephone number of the administrator, and Plaintiff's counsel shall have equal access to the administrator including periodic updates on the claims process with the exception not receiving a list of class members.

**16. Cooperation. (a)** The Parties and their respective attorneys, insurers and agents agree to cooperate fully with one another and to use their best efforts to effect the consummation of this Settlement Agreement and the Settlement, under the terms specified in this Settlement Agreement. In the event there is an impasse or unresolved disagreement between the Parties involving the consummation of this Settlement

Agreement, the Parties agree, prior to preparing and presenting any motion to the Court, to jointly telephone the Court's chambers to seek a resolution of the impasse or disagreement with the Court's assistance. Failing that, the impasse or dispute shall be formally submitted to the Court for resolution; and **(b)** In the event of any objections to the Settlement Agreement are filed, Plaintiff and Defendant and their respective attorneys shall jointly oppose any and all objections and shall file a joint memorandum in opposition to those objections.

**17. Preliminary Approval.** As soon as practicable after execution of this Settlement Agreement, the Parties shall make application to the Court for an order ("Preliminary Approval Order") which:

> **(a)** Preliminarily approves this Settlement Agreement;
> **(b)** Schedules a hearing for final approval of this Settlement Agreement by the Court;
> **(c)** Approves the form of notice to the class; and
> **(d)** Finds that methods of class notice specified in Section 12 are the only forms of notice required and that such notice satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

The Parties agree to request that the forms of notice attached hereto as **Exhibits A** be approved, that the parties submit an agreed upon Joint Motion for Preliminary Approval, and to propose the form of Preliminary Approval Order attached hereto as **Exhibit B**.

**18. Final Approval.** At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Settlement Agreement, Class Counsel and counsel for Defendant shall request that the Court enter a final order ("Final Approval Order"):

> **(a)** approving the terms of this Settlement Agreement as fair, reasonable and adequate;
> **(b)** providing for the implementation of those terms and provisions;
> **(c)** finding that the notice given to the class satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; and
> **(d)** dismissing the FDCPA claims in Count II of the Amended Complaint without prejudice and without taxation of costs or attorney's fees (except as otherwise provided herein) to be converted to a dismissal with prejudice and without costs one hundred twenty (120) days after the Effective Date.

The Parties also agree to submit the proposed Final Approval Order in the form of **Exhibit C** to this Settlement Agreement. Plaintiff shall submit a Final Approval Memorandum in support of Final Approval of the Agreement and for the agreed award of Attorney's fees and costs. Defendant shall not oppose this request.

**19. Notice of Objections.** Notice of objections to this Settlement Agreement shall be sent to:

*Tang v. Medical Recovery Specialists, LLC*
Settlement Agreement

Class Counsel:

Curtis C. Warner
WARNER LAW FIRM, LLC
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601

**And**

Counsel for Defendant:

James C. Vlahakis
HINSHAW & CULBERTSON LLP
200 N. LaSalle, Ste. 300
Chicago, Illinois 60601

The persons and addresses designated in this paragraph may be changed by written notice to the other signatories hereto.

**20. Class Action Fairness Act.** In compliance with Class Action Fairness Act, Defendant shall within 10 (ten) days after the entry of the Preliminary Approval Order provide notice to federal and state officials in Illinois as required under the Act and as may be approved by the Court based on the information reasonably available at the time of the notice. A copy of each such notice shall be filed with the Court by Defendant via the Court's ECF system.

**21**. **Termination Of The Settlement Agreement.** If the Court does not approve this Settlement and the terms of this Settlement Agreement as set forth herein, or if the Settlement and Settlement Agreement do not receive final approval after review by any court of competent jurisdiction for any reason, or is otherwise terminated in accordance with its terms, the Parties will be returned to their status immediately prior to execution of the Settlement Agreement as if this Settlement Agreement had never been made. Accordingly, upon any such termination for any reason, the Parties will be deemed to have preserved all their substantive or procedural rights or defenses with respect to the Lawsuits as of the date of execution of this Settlement Agreement.

**22. Continuing Jurisdiction.** The United States District Court for the Northern District of Illinois, Eastern Division, will have continuing jurisdiction over the Lawsuit for the purpose of implementing the Settlement and the terms of this Settlement Agreement until the Lawsuit and all related matters are fully resolved, and for enforcement of the Settlement, the Settlement Agreement and the Final Approval Order. The Court will be the exclusive venue to resolve any dispute regarding the Parties' obligations pursuant to this Settlement Agreement and/or interpretation of the terms of this Settlement Agreement or the Final Approval Order.

*Tang v. Medical Recovery Specialists, LLC*
Settlement Agreement

**23. Miscellaneous.**

(a) This is an integrated Settlement Agreement that supersedes all prior representations and agreements, if any, between the Parties, any Class Member and their legal counsel. The Parties represent that they have not relied on any statements, oral or written, in making their decisions to enter into this Settlement Agreement that are not set forth in this Settlement Agreement, and this Settlement Agreement may not be altered, amended or extinguished except by a writing that expressly refers to this Settlement Agreement and is signed subsequent to the execution of this Settlement Agreement by the Parties.

(b) The Parties agree that any rule of interpretation to the effect that ambiguities are to be resolved against the drafting party shall not apply to the interpretation of this Settlement Agreement. The Parties acknowledge that they are all represented by counsel and had input into the drafting of this Settlement Agreement.

(c) This Settlement Agreement shall be governed and interpreted by the law of the State of Illinois without regard to its choice of law rules.

(d) This Settlement Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Signatures transmitted via facsimile or e-mail are acceptable for the execution of this Settlement Agreement.

(e) The Parties further represent, warrant, and agree that, in executing this Settlement Agreement, they do so with full knowledge of any and all rights which they may have with respect to the claims released in this Settlement Agreement and that they have received independent legal advice from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts.

(f) This Settlement Agreement shall be binding upon and shall inure to the benefit of the Parties hereto, and to their respective agents, principals, employees, representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, heirs, assigns, and successors in interest.

(g) Each of the individuals executing this Settlement Agreement warrants that he or she has authority to enter into the Settlement Agreement and legally bind the party for which he or she is signing.

(h) The Court in which the Lawsuit is pending will be the exclusive venue to resolve any disputes regarding the Parties' obligations pursuant to the Settlement Agreement and any Court Order.

(i) Plaintiff, Class Members, and Defendant are to bear their own costs and attorneys' fees, excluding those specified in this Agreement and those not covered by this agreement.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed on the date set forth underneath their respective signatures.

Plaintiff and for the Class Members:

_____

9

*Tang v. Medical Recovery Specialists, LLC*
Settlement Agreement

LOIDY TANG                                  Date: 5/22/2012

WARNER LAW FIRM, LLC

_____
By: Curtis C. Warner, *Counsel for Plaintiff & the Class*
Approved as to form

Date: _____

MOUNCE LAW, LLC

_____
By: John P. Mounce, *Counsel for Plaintiff & the Class*
Approved as to form

Date: _____

MEDICAL RECOVERY SPECIALISTS, LLC

By: _____

Name Printed: _____

Title: _____

Date: _____

HINSHAW & CULBERTSON, LLP

_____
By: James C. Vlahakis, *Counsel for Defendant*
Approved as to form

Date: _____

10

*Tang v. Medical Recovery Specialists, LLC*
Settlement Agreement

Agreement, they do so with full knowledge of any and all rights which they may have with respect to the claims released in this Settlement Agreement and that they have received independent legal advice from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts.

**(f)** This Settlement Agreement shall be binding upon and shall inure to the benefit of the Parties hereto, and to their respective agents, principals, employees, representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, heirs, assigns, and successors in interest.

**(g)** Each of the individuals executing this Settlement Agreement warrants that he or she has authority to enter into the Settlement Agreement and legally bind the party for which he or she is signing.

**(h)** The Court in which the Lawsuit is pending will be the exclusive venue to resolve any disputes regarding the Parties' obligations pursuant to the Settlement Agreement and any Court Order.

**(i)** Plaintiff, Class Members, and Defendant are to bear their own costs and attorneys' fees, excluding those specified in this Agreement and those not covered by this agreement.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed on the date set forth underneath their respective signatures.

Plaintiff and for the Class Members:

_____    Date: _____
LOIDY TANG

WARNER LAW FIRM, LLC

*/s/ Curtis C. Warner*
By: Curtis C. Warner, *Counsel for Plaintiff & the Class*
Approved as to form

Date: _____

MOUNCE LAW, LLC

*/s/ John P. Mounce*
By: John P. Mounce, *Counsel for Plaintiff & the Class*
Approved as to form

10

Tang v. Medical Recovery Specialists, LLC
Settlement Agreement

LOIDY TANG                                        Date: _____


WARNER LAW FIRM, LLC

_____
By: Curtis C. Warner, *Counsel for Plaintiff & the Class*
Approved as to form

Date: _____

MOUNCE LAW, LLC

_____
By: John P. Mounce, *Counsel for Plaintiff & the Class*
Approved as to form

Date: _____

MEDICAL RECOVERY SPECIALISTS, LLC
By: *[signature]*

Name Printed: Steven M Gayheart

Title: COO

Date: 5/29/12


HINSHAW & CULBERTSON, LLP
*[signature]*
By: James C. Vlahakis, *Counsel for Defendant*
Approved as to form

Date: 5/30/12

10